**RECORD NO. 20-16**

In The

# United States Court of Appeals
### For The Fourth Circuit

## UNITED STATES OF AMERICA,

*Plaintiff – Appellee*,

v.

## RICHARD TIPTON, a/k/a Whittey,

*Defendant – Appellant.*

## CAPITAL CASE

## ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA AT RICHMOND

---

## BRIEF OF APPELLANT

---

**Gerald W. King, Jr.**
FEDERAL PUBLIC DEFENDER
  WESTERN DISTRICT OF NORTH CAROLINA
**129 West Trade Street, Suite 300**
**Charlotte, North Carolina  28202**
**(704) 374-0720**

**Jeffrey Lyn Ertel**
FEDERAL DEFENDER PROGRAM, INC.
**101 Marietta Street, Suite 1500**
**Atlanta, Georgia  30303**
**(404) 688-7530**

**Stephen Northup**
TROUTMAN SANDERS LLP
**Post Office Box 1122**
**Richmond, Virginia  23218**
**(804) 697-1240**

**Frederick R. Gerson**
DURRETTE, ARKEMA,
  GERSON & GILL PC
**1111 East Main Street, 16th Floor**
**Richmond, Virginia  23219**
**(804) 775-6900**

*Counsel for Appellant – Richard Tipton, III.*

---

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ........................................................................ iv

STATEMENT OF JURISDICTION ............................................................ 1

INTRODUCTION ....................................................................................... 1

STATEMENT OF THE ISSUES ................................................................ 4

STATEMENT OF THE CASE .................................................................... 5

  A. Mr. Tipton's Convictions and Sentencing ...................................... 5

  B. The Fair Sentencing Act.................................................................. 8

  C. The First Step Act ........................................................................... 9

  D. Mr. Tipton's First Step Act Motion .............................................. 10

SUMMARY OF ARGUMENT .................................................................. 12

STANDARD OF REVIEW ....................................................................... 14

ARGUMENT .............................................................................................. 15

  I. The District Court Erred in Holding that Mr. Tipton's Subsection 848(e) Convictions Were Not "Covered Offenses." ....................................................................................... 15

    A. The "Statute of Violation" for Mr. Tipton's Section 848 Convictions is Section 848 Itself. ................................ 16

      1. The District Court's Erroneous Analysis of Mr. Tipton's "Statute of Conviction." ...................... 20

i

2.      The District Court's Partitioning of Section 848 Is Irreconcilable with This Court's Precedent......................................................22

3.      *Brown* demonstrates the proper application of *Woodson* to Section 848 ...............................26

4.      *NJB* is inapposite ........................................31

B.      The District Court Ignores that Even if Subsection 848(e) was a "Statute," It Would Be a Covered Offense ................................................................32

1.      § 848(e)(1)(A)'s predicate offenses include § 841(b)(1)(A) .............................................32

2.      *Snow* is inapposite.......................................34

C.      The Penalties for Mr. Tipton's Section 848(e) Convictions Were Modified by the Fair Sentencing Act Even If Predicated on its CCE Prong ...........36

1.      In *Hall,* the district court recognized Section 848 as a covered offense for the very reasons discussed above ........................................37

2.      The law of the case establishes that Mr. Tipton's Section 848(e) convictions were predicated on § 841(b)(1)(A), which makes them covered offenses...............................40

D.      Policy Considerations Do Not Except Mr. Tipton From the First Step Act..........................................43

II.      Mr. Tipton is Entitled to a Complete Review of the Merits of His Sentences .....................................................44

A.    Mr. Tipton's Capital Sentences Should Be Reviewed by a Jury ....................................................................................44

B.    The District Court Abused Its Discretion in Declining to Reduce Mr. Tipton's Sentence Even for Those Offenses It Found "Covered." ...................................47

CONCLUSION ...........................................................................................................50

REQUEST FOR ORAL ARGUMENT.................................................................50

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

iii

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Blockburger v. United States*,
    284 U.S. 299 (1932) .................................................................41

*Dorsey v. United States*,
    567 U.S. 260 (2012) ................................................................8, 9

*Eddings v. Oklahoma*,
    455 U.S. 104 (1982) .................................................................45

*Hall v. United States*,
    No. 2:93-CR-162-1,
    2020 U.S. Dist. LEXIS 121742 (E.D. Va. 2020) ................................*passim*

*Hurst v. Florida*,
    577 U.S. 92 (2016) ..................................................................45

*In re Tipton*,
    No. 20-10 (4th Cir. June 8, 2020) .................................................8

*Lockett v. Ohio*,
    438 U.S. 586 (1978) .................................................................45

*Pepper v. United States*,
    562 U.S. 467 (2011) .................................................................48

*Porter v. McCollum*,
    558 U.S. 30 (2009) ..................................................................49

*Ring v. Arizona*,
    536 U.S. 584 (2002) ...............................................................13, 45

*Teleguz v. Pearson*,
   689 F.3d 322 (4th Cir. 2012)........................................................................50

*Tipton v. United States,*
   520 U.S. 1253 (1997) ..................................................................................8

*United States v. Allen*,
   716 F.3d 98 (4th Cir. 2013)........................................................................14

*United States v. Boulding*,
   960 F.3d 774 (6th Cir. 2020).....................................................17, 19, 44, 46

*United States v. Brown*,
   2020 WL 3106320 (W.D. Va. 2020) ......................................................*passim*

*United States v. Chambers*,
   956 F.3d 667 (4th Cir. 2020)...............................................................*passim*

*United States v. Davis*,
   139 S. Ct. 2319 (2019) ..................................................................................8

*United States v. Davis*,
   No. 5:93-cr-30025,
   2020 WL 1131147 (W.D. Va. Mar. 9, 2020).................................13, 19, 29

*United States v. Dean*,
   2020 WL 2526476 (D. Minn. May 18, 2020) ............................................20

*United States v. Dillard*,
   891 F.3d 151 (4th Cir. 2018)........................................................................49

*United States v. Gravatt*,
   953 F.3d 258 (4th Cir. 2020)................................................................*passim*

*United States v. Groves*,
   No. 5:94-CR-97 (E.D.N.C. Nov. 21, 2019) ...............................................20

*United States v. Hager,*
721 F.3d 167 (4th Cir. 2013).........................................................................37

*United States v. Hines,*
No. 5:94-CR-150 (N.D.N.Y. Nov. 8, 2019)...............................................20

*United States v. Jackson,*
2020 WL 3563995 (3d Cir. July 1, 2020)....................................................19

*United States v. Jackson,*
952 F.3d 492 (4th Cir. 2020).........................................................................49

*United States v. Jimenez,*
2020 WL 2087748 (S.D.N.Y. Apr. 30, 2020)..............................................20

*United States v. Johnson,*
529 U.S. 53 (2000) ..........................................................................................21

*United States v. Kelly,*
No. 2:94-CR-163 (E.D. Va. June 5, 2020) ..................................................19

*United States v. Martin,*
No. 19-3905, 2020 WL 3251021 (6th Cir. June 16, 2020)...................45, 49

*United States v. Maupin,*
No. 19-6817 (4th Cir. Aug. 29, 2019).........................................................19

*United States v. Moore,*
2020 WL 4748154 (N.D. ILL. 2020) .............................................29, 30, 31

*United States v. NJB,*
104 F.3d 630 (4th Cir. 1997).................................................................22, 31

*United States v. Ocasio,*
750 F.3d 399 (4th Cir. 2014).........................................................................14

*United States v. Robinson,*
    No. 98-CR-60 (E.D. Wis. Sept. 27, 2019)...................................................20

*United States v. Segers,*
    271 F.3d 181 (4th Cir. 2001)......................................................................14

*United States v. Shaw,*
    957 F.3d 734 (7th Cir. 2020)..........................................................19, 30, 46

*United States v. Smith,*
    954 F.3d 446 (1st Cir. 2020) ...........................................................25, 30, 31

*United States v. Smith,*
    959 F.3d 701 (6th Cir. 2020)......................................................................46

*United States v. Snow,*
    967 F.3d 563 (6th Cir. 2020)..........................................................34, 35, 36

*United States v. Stitt,*
    552 F.3d 345 (4th Cir. 2008)..........................................................13, 45, 46

*United States v. Stokes,*
    347 F.3d 103 (4th Cir. 2003).....................................................................14

*United States v. Tipton,*
    90 F.3d 861 (4th Cir. 1996)..................................................... 7, 8, 40-41, 42

*United States v. Tipton,*
    378 F.3d 382 (4th Cir. 2004).......................................................................8

*United States v. Torres-Laranega,*
    476 F.3d 1148 (10th Cir. 2007)..................................................................17

*United States v. Walker,*
    No. 5:95-CR-101 (N.D.N.Y. Oct. 25, 2019) ...............................................20

*United States v. White,*
 No. 19-3058, 2020 WL 7702705 (D.C. Cir. Dec. 29, 2020).......................49

*United States v. Wirsing,*
 943 F.3d 175 (4th Cir. 2019)..................................................................*passim*

*United States v. Woodson,*
 962 F.3d 812 (4th Cir. 2020)..................................................................*passim*

*Woodson v. North Carolina,*
 428 U.S. 280 (1976) ...................................................................................45

*Wright v. United States,*
 425 F. Supp. 3d 588 (E.D. Va. 2019) ...................................................20, 45

## CONSTITUTIONAL PROVISION

U.S. CONST. amend. VIII .................................................................................45

## STATUTES

18 U.S.C. § 924(c) ............................................................................................8

18 U.S.C. § 1959...............................................................................................6

18 U.S.C. § 3231..............................................................................................1

18 U.S.C. § 3553.................................................................................3, 47, 48, 49

18 U.S.C. § 3553(a) ..................................................................................46, 49

18 U.S.C. § 3553(a)(1) ...................................................................................46

18 U.S.C. § 3582(c)(1)(B) ..............................................................................21

18 U.S.C. § 3593.................................................................................44, 45, 50

18 U.S.C. § 3593(b)(2)(D) ...................................................................44

18 U.S.C. § 3593(c) ...........................................................................13

18 U.S.C. § 3742...............................................................................1

21 U.S.C. § 841................................................................................*passim*

21 U.S.C. § 841(a).....................................................................24, 27, 31

21 U.S.C. § 841(a)(1) ........................................................................*passim*

21 U.S.C. § 841(b)....................................................................24, 27, 31

21 U.S.C. § 841(b)(l)......................................................................9, 20

21 U.S.C. § 841(b)(1)(A) ...................................................................*passim*

21 U.S.C. § 841(b)(1)(A)(ii) ...............................................................5, 41

21 U.S.C. § 841(b)(1)(A)(iii) ..............................................................*passim*

21 U.S.C. § 841(b)(1)(B) ......................................................................33

21 U.S.C. § 841(b)(1)(B)(iii)...........................................................23, 24, 25

21 U.S.C. § 841(b)(1)(C).....................................................................*passim*

21 U.S.C. § 841(e) .............................................................................27

21 U.S.C. § 844(a) .............................................................................20

21 U.S.C. § 846................................................................................*passim*

21 U.S.C. § 848................................................................................*passim*

21 U.S.C. § 848(a)............................................................................*passim*

ix

21 U.S.C. § 848(b)..............................................................................*passim*

21 U.S.C. § 848(b)(2)(A) .................................................................30

21 U.S.C. § 848(c) .............................................................................*passim*

21 U.S.C. §§ 848(c)(1)-(2) ...............................................................18

21 U.S.C. § 848(e) .............................................................................*passim*

21 U.S.C. § 848(e)(1)(A)....................................................................*passim*

21 U.S.C. § 848(g)..............................................................................45

21 U.S.C. §§ 848(g)-(r) .....................................................................46

21 U.S.C. § 848(i)(1)(B)(iv)..............................................................46

21 U.S.C. § 851...................................................................................9

21 U.S.C. § 924(c) .............................................................................6

21 U.S.C.  § 960(b)............................................................................20

21 U.S.C. § 960(b)(1) ........................................................................32

28 U.S.C. § 1291................................................................................1

28 U.S.C. § 2255................................................................................8

## RULES

Fed. R. App. P. 4(b)(1) ....................................................................1

Fed. R. App. P. 4(b)(6) ....................................................................1

## <u>OTHER AUTHORITIES</u>

Anti-Drug Abuse Act of 1986, Pub. L. No. 99-570, 100 Stat. 3207..................44

First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194.......................*passim*

Pub. L. No. 115-391 (2018)...................................................................................44

## STATEMENT OF JURISDICTION

The district court had jurisdiction under 18 U.S.C. § 3231 and § 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. That court entered its order denying Mr. Tipton's motion for a sentence reduction under § 404 on November 19, 2020. J.A. 189. Mr. Tipton timely filed his notice of appeal on November 24, 2020. J.A. 201; *see* Fed. R. App. P. 4(b)(1), (b)(6). This Court has jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

## INTRODUCTION

Richard Tipton, III, a death-sentenced prisoner, appeals the Eastern District of Virginia's denial of his motion pursuant to Section 404 of the First Step Act of 2018, which asked that court to reduce his sentences for interrelated offenses stemming from his possession and distribution of crack cocaine, as the statutory penalty for each has been modified by the Fair Sentencing Act.

In denying Mr. Tipton relief, the district court held that his convictions pursuant to 21 U.S.C. § 848 — which include the Continuing Criminal Enterprise ("CCE") crimes for which he was sentenced to death — were not "covered offenses" within the meaning of the First Step Act.  In so

ruling, the district court imposed the kind of "complicated and eligibility-limiting determination at the 'covered offense' stage of the [First Step Act] analysis" that this Court has rejected. *United States v. Wirsing*, 943 F.3d 175, 186 (4th Cir. 2019).

Mr. Tipton is plainly eligible for relief under the First Step Act, as his Section 848 CCE convictions are premised upon the commission of crack cocaine drug offenses whose penalties were modified by the Fair Sentencing Act. In finding the opposite, the district court erred in three distinct ways.

First, the district court divided the *penalty provisions* of Section 848 into *standalone statutes*, in order to assert that Subsection 848(e) — the penalty provision under which Mr. Tipton was sentenced to death — was Mr. Tipton's "statute of conviction." The district court's conclusion runs contrary to this Court's precedent when analyzing "the operation of…and the changes made to the statute by the Fair Sentencing Act"[1] and disregards the decision of its sister district court holding that the "statute of conviction" for Section 848 violations is Section 848 *itself.*[2]

---

[1] *United States v. Woodson*, 962 F.3d 812 (4th Cir. 2020).
[2] *United States v. Brown,* 2020 WL 3106320 (W.D. Va. 2020).

Second, the district court ignored that Mr. Tipton's convictions under Subsection 848(e) would constitute covered offenses *even if* that provision were the "statute of conviction," as its penalties, too, were modified by the Fair Sentencing Act.

Third, the district court disregarded the law of the case, as established by this Court's opinion on direct appeal, which held that Mr. Tipton's Section 848 convictions were premised upon crack cocaine offenses whose penalties were also modified by the Fair Sentencing Act.

Beyond its errors in deeming Mr. Tipton ineligible for relief, he district court abused its discretion in conducting only a cursory review of the sentences for the offenses it *did* deem covered, circumscribing its consideration of Mr. Tipton's mitigating evidence and the other resentencing factors codified in 18 U.S.C. § 3553 in the unreasonable and erroneous belief that it is "not the Court's role to revisit [Mr. Tipton's 1993] jury's determination" and its "refus[al] to overturn the will of the community" as expressed by that jury.[3]

---

[3] The "will of the community" is not among Section 3533's enumerated factors.

3

In light of the district court's errors, Mr. Tipton respectfully requests that this Court hold his Section 848 convictions "covered offenses" within the First Step Act and remand for a full and fair review of all of his sentences for such offenses by the appropriate fact-finder.

## STATEMENT OF THE ISSUES

Section 404 of the First Step Act authorizes a defendant who was convicted pursuant to a statute that has *a* penalty modified by the Fair Sentencing Act of 2010, but who was sentenced prior to the enactment of that act, to seek a reduction of that sentence. Mr. Tipton's appeal presents three issues:

Whether the district court erred in concluding that Mr. Tipton's convictions pursuant to 21 U.S.C. § 848 were not "covered offenses" under Section 404 of the First Step Act.

Whether Mr. Tipton, whose sentences of death were imposed pursuant to "covered offenses" under Section 404 of the First Step Act, is entitled to have those sentences reconsidered by a jury.

Whether the district court abused its discretion in concluding that its role was not "to revisit the [original] jury's [sentencing] determination," as doing so "would run contrary to the goals of the First Step Act."

4

## STATEMENT OF THE CASE

### A.    Mr. Tipton's Convictions and Sentencing.

On February 3, 1993, Mr. Tipton and his co-defendants, James Roane and Corey Johnson, were convicted of interrelated, overlapping offenses premised upon the possession with the intent to distribute at least 50 grams of crack cocaine in violation of 21 U.S.C. § 841(b)(1)(A).  Per Count One of his superseding indictment, Mr. Tipton was convicted of a 21 U.S.C. § 846 conspiracy to "possess with the intent to distribute, and to distribute…at least fifty (50) grams or more of a mixture or substance described in Title 21, United States Code, Section 841(b)(1)(A)(ii), which contains cocaine base."  J.A. 37-40. Mr. Tipton was also convicted on Count Two, which charged him with engaging in a continuing criminal enterprise ("CCE") in violation of 21 U.S.C. § 848(a), with the CCE defined as violations of "Title 21, United States Code, Section 841…including, but not limited to, those violations alleged in the instant indictment[.]" J.A. 40-41.  The only two Section 841 violations alleged in the indictment, Counts Thirty-Two and Thirty-Three, charged Mr. Tipton with "possessing with the intent to distribute a Schedule II narcotic controlled substance, that is, *fifty (50) grams or more*" of "cocaine base, commonly known as 'crack' or 'cook-em-up,'" as

5

described in 21 U.S.C. § 841(b)(l)(A)(iii).  J.A. 56-57 (emphasis added).

Finally, Mr. Tipton was convicted of six violations of 21 U.S.C. § 848(e) for

killings committed "while engaged in and working in furtherance of" this

CCE—offenses for which the government sought the death penalty.  See

J.A. 41-42, 48-50, 52-53 (Counts 3, 17, 18, 19, 24, and 25).[4]

In its instructions to Mr. Tipton's jury, the district court stated that, in

order to convict Mr. Tipton of Count One's § 846 conspiracy, they "must

find beyond a reasonable doubt that the conspiracy distributed or

possessed with intent to distribute, or attempted to possess with intent to

distribute at least 50 grams or more of crack cocaine."  J.A. 6-8.

At the conclusion of the penalty phase, the jury recommended death

sentences for three of Mr. Tipton's Subsection 848(e) offenses (Counts 3, 24

and 25); it recommended life sentences for the remaining three (17, 18, 19).

---

[4] Mr. Tipton was also convicted of six counts of murder "to maintain or increase position in racketeering enterprise" in violation of 18 U.S.C. § 1959 (Counts 4, 21, 22, 23, 27, and 28); two counts of using a firearm in relation to a crime of violence or a drug trafficking crime, 21 U.S.C. § 924(c) (Counts 20 and 26); and two counts of maiming "to maintain or increase position in racketeering enterprise" in violation of 18 U.S.C. § 1959 (Counts 29 and 30).  J.A. 42, 50-54. While not the subject of this appeal, Mr. Tipton's briefing in the district court details how these convictions are now invalid. J.A. 23-33.

6

See Jury's Decision Form (J.A. 58-69).  The district court sentenced Mr.

Tipton in accord with the jury's recommendation, imposing: death

sentences for counts 3, 24 and 25; life sentences for counts 17, 18 and 19;

and terms of imprisonment for the non-capital counts.  See Court's

Judgment (J.A. 70-73).

On direct appeal, this Court made certain findings relevant to the

issues presented by this current appeal.  This Court rejected a claim that

"the indictment failed adequately to charge a CCE violation, specifically

that it failed to identify the three drug-related violations comprising the

continuing series of violations element of" the Section 848 CCE, on the

ground that "Count 2, as indicated, identified and incorporated by

reference all violations of 21 U.S.C. §§ 841 and 846 charged against the

appellants elsewhere in the indictment." *United States v. Tipton*, 90 F.3d 861,

883-84 (internal quotations omitted).[5]

Also, the Government conceded on appeal, and this Court agreed,

that Mr. Tipton's "convictions and sentences on the § 848 CCE and § 846

---

[5] As discussed infra, because this Court specifically found that the
predicates for Mr. Tipton's CCE were statutes whose penalties were
unquestionably modified by the Fair Sentencing Act, any CCE-related
counts were predicated on "covered offenses."

7

conspiracy counts cannot both stand because the § 846 conspiracy as charged is a lesser included offense within the § 848 CCE as charged." *United States v. Tipton*, 90 F.3d 861, 891 (4th Cir. 1996). This Court therefore remanded for the vacatur of Mr. Tipton's § 846 conviction. *Tipton*, 90 F.3d at 891.[6]

## B.    The Fair Sentencing Act.

In 2010, Congress enacted the Fair Sentencing Act, which recognized that federal drug statutes had imposed overly harsh penalties for cocaine-base offenses, with a disproportionate effect on African-American defendants. *Dorsey v. United States*, 567 U.S. 260, 268-69 (2012). Congress accordingly adjusted the penalties for offenses involving cocaine base by

---

[6] Mr. Tipton filed a petition for certiorari with the Supreme Court of the United States, which was denied. *Tipton v. United States,* 520 U.S. 1253 (1997). He subsequently sought habeas corpus relief pursuant to 28 U.S.C. § 2255, which was ultimately denied in the district court and by this Court. *United States v. Tipton*, 378 F.3d 382, 389 (4th Cir. 2004). Mr. Tipton presently has a motion pending before this Court for authorization to file a successive Section 2255 petition to review his convictions under 18 U.S.C. § 924(c) in light of the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019). *In re Tipton*, No. 20-10 (4th Cir. June 8, 2020). This Court has held that motion in abeyance pending its decision in *United States v. Juan Ortiz-Orellana*, No. 16-4844. See ECF No. 24, *In re Tipton*, No. 20-10, Court Order of November 17, 2020.

increasing the threshold drug quantities required to trigger mandatory minimum sentences under 21 U.S.C. § 841(b)(1).[7] Per those amendments, a violation of 21 U.S.C. § 841(a)(1) must now involve at least 280 grams of cocaine base—as opposed to the 50 grams required when Mr. Tipton was sentenced—in order to trigger the highest penalty ranges of 10 years to life imprisonment.[8] But the Fair Sentencing Act was not made retroactive to offenses committed before its enactment. *Dorsey*, 567 U.S. at 282.

## C.    The First Step Act.

On December 21, 2018, Congress enacted the First Step Act, which made the provisions of the Fair Sentencing Act retroactive. Section 404 of the First Step Act authorizes relief for any defendant convicted of a "covered offense"—an offense with statutory penalties that "were modified by section 2 or 3 of the Fair Sentencing Act of 2010" and was "committed before August 3, 2010," the effective date of the Fair Sentencing Act. First Step Act of 2018, S. 3747, 115th Cong. § 404(a) (2018). Upon a "motion of

---

[7] Fair Sentencing Act of 2010, Pub. L. No. 111-220, § 2, 124 Stat. 2372, 2372 (2010).

[8] 21 U.S.C. § 841(b)(1)(A)(iii) (and "at least 5 years" of supervised release, or "at least 10 years" with the § 851 enhancement).

9

the defendant," this Court may "impose a reduced sentence as if Sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." *Id.* at § 404(b)(1).

### D.    Mr. Tipton's First Step Act Motion.

On July 31, 2020, Mr. Tipton filed a motion in the district court pursuant to Section 404 of the First Step Act for sentencing relief "for the interrelated [Section 841(a)(1) and 848] offenses charged in Counts 3, 24, 25, 32, and 33[.]" ("Section 404 motion," J.A. 9-91.)  Noting that the statutory penalty for each of these offenses had been modified by the Fair Sentencing Act, Mr. Tipton argued for the vacatur of his death sentences and the empaneling of a resentencing jury, and for reductions of the terms of years imposed for his non-capital convictions.

On November 19, 2020, the district court entered an order denying Mr. Tipton's Section 404 motion on the ground that his "convictions on Counts Three, Seventeen, Eighteen, Nineteen, Twenty-Four and Twenty-Five'—his Subsection 848(e) convictions—"do not constitute covered offenses under the First Step Act." J.A. 200.[9]  The district court expressly

---

[9] Judge David J. Novak's order also characterized Mr. Tipton as a "heinous serial killer," J.A. 200, and disparaged his Section 404 motion as

10

incorporated its earlier order addressing a Section 404 motion presented by

James Roane, Mr. Tipton's co-defendant. J.A. 189, n.1; see also J.A. 146-88.

While concluding that Mr. Tipton's convictions on Counts Thirty-Two and

Thirty-Three did constitute covered offenses, the district court declined to

exercise its discretion to reduce his sentences for those offenses. J.A. 200.

The district court further disclaimed any authority to "revisit" the

sentencing determination made by Mr. Tipton's 1993 jury, or to consider

evidence not heard by that jury. *Id.*

> Throughout both the guilt and penalty phases, the jury in this case heard all of the evidence relating to Defendant's role in this drug enterprise and the six individuals that he killed to protect his enterprise. Beyond evidence of the atrocious crimes for which it convicted the Defendant, *the jury heard evidence relating to his character.* That jury – speaking on behalf of the community – unanimously decided that this heinous serial killer deserved to die for his actions. The Court refuses to overturn the will of the community. It is not the Court's role to revisit the jury's determination, especially when doing so would run contrary to the goals of the First Step Act.

*Id.*

This timely appeal follows.

---

"a last-ditch effort to avoid the just punishment imposed on him" by "latch[ing] onto laws passed to reduce the sentencing disparities between non-violent crack and powder cocaine offenses" that "have nothing to do" with his death sentences, J.A. 189.

11

**SUMMARY OF ARGUMENT**

Mr. Tipton's convictions for violations of § 848 are "covered offenses" for purposes of the First Step Act, as at least two of its penalty provisions were modified by the Fair Sentencing Act. In denying Mr. Tipton's Section 404 motion, however, the district court imposed "a complicated and eligibility-limiting determination at the 'covered offense' stage of the analysis"—an approach that this Court has found contrary to the intent of the First Step Act. *Wirsing*, 943 F.3d at 186. The district court's determination that Mr. Tipton was ineligible for relief featured three categories of error.

First, and in order to exclude Mr. Tipton's CCE convictions from offenses "covered" by the act, the district court split Section 848 into multiple, separate statutes—a partitioning that cannot be reconciled with this Court's precedent analyzing "the statute of violation" and whether its penalties have been modified by the Fair Sentencing Act. *Id*.; accord *Chambers*, 956 F.3d at 670; *see also Woodson*, supra. As echoed by district courts in this circuit and many other federal courts, that approach identifies *all* of Section 848 (or, alternatively, 848(c)) as the statute of violation, while Subsection 848(e), which the district court erroneously identified as its own

12

*statute*, is merely one of several *penalty provisions*. See, e.g., *Brown,* 2020 WL 3106320 at *4.

Second, the district court failed to recognize that Mr. Tipton's offenses would still be "covered" even if Subsection 848(e) *is* the statute of violation, as the penalties for that subsection were *also* modified by the First Step Act.[10] See, e.g., *United States v. Davis*, No. 5:93-cr-30025, 2020 WL 1131147, at *2 (W.D. Va. Mar. 9, 2020); see also *Gravatt*, 953 F.3d at 263.

Third, the district court failed to follow the law of the case, which establishes that Mr. Tipton's Section 848 convictions were premised upon the possession and distribution of specific quantities of crack cocaine in violation of § 841(b)(1)(A) — offenses that are indisputably "covered."

Mr. Tipton contends that his sentences of death should be vacated, and that he should be resentenced by a jury in keeping with the requirements of capital jurisprudence. *Ring v. Arizona*, 536 U.S. 584, 609 (2002); *United States v. Stitt*, 552 F.3d 345, 354-55 (4th Cir. 2008)("*Stitt V*"); 18 U.S.C. § 3593(c). He further contends that the district court abused its

---

[10] As discussed infra, one predicate offense for a conviction under Subsection 848(e) is the commission of a drug offense under Section 841(b)(1)(A), the penalties for which were modified by the Fair Sentencing Act.

13

discretion in reviewing his sentences for those convictions it deemed

covered offenses, as the district court appeared to pretermit that review on

its belief that revisiting the sentences imposed by his 1993 jury, or

considering evidence developed after the verdict, would run contrary to

the goals of the First Step Act.  See *Chambers,* 956 F.3d at 672.

## STANDARD OF REVIEW

When presented with a "pure question of statutory interpretation,"

this Court "review[s] the district court's decision *de novo." See United States*

*v. Segers*, 271 F.3d 181, 184 (4th Cir. 2001); *see also United States v. Allen*, 716

F.3d 98, 106 (4th Cir. 2013) (whether the "Fair Sentencing Act applied to [a

defendant] is a question of law which [this Court] decide[s] de novo").

Other questions of law as to statutory interpretation, including the

question for whether an eligible capital defendant must have sentencing

reconsidered by a district court judge, or a jury, are likewise reviewed *de*

*novo.  United States v. Ocasio*, 750 F.3d 399, 408 (4th Cir. 2014); *United States*

*v. Stokes*, 347 F.3d 103, 105 (4th Cir. 2003).

The Court reviews the adequacy of a sentencing court's explanation

for its denial of a reduced sentence under the abuse-of-discretion standard.

*Chambers*, 956 F.3d at 672-73.

14

## ARGUMENT

**I.    The District Court Erred in Holding that Mr. Tipton's Subsection 848(e) Convictions Were Not "Covered Offenses."**

This Court has held that "there is no eligibility requirement" for relief under the First Step Act "beyond the threshold question of whether there is a 'covered offense,'" and that Congress did not intend for courts to engage in "a 'complicated and eligibility-limiting determination'" when contemplating that question. *Gravatt*, 953 F.3d at 262 (quoting *Wirsing*, 943 F.3d at 186). But the district court did precisely that.

The district court first deconstructed Section 848 into a collection of individual statutes in order to deem Mr. Tipton's convictions under Subsection 848(e) ineligible for sentencing relief, despite precedent from this Circuit and its sister district court indicating that *all* of Section 848 is the "statute of conviction." *Woodson*, supra; *Brown*, supra.[11] The district

---

[11]As the answer to this "threshold question" of whether a defendant has committed a "covered offense" turns on the statute of conviction itself, rather than the individualized circumstances of a particular defendant, *Woodson*, 962 F.3d at 816, it should yield the same answer *regardless* of the specific facts of the case, *Gravatt*, 953 F.3d at 262. Nor should the answer be influenced by, or conflated with, the district court's assessment of whether a particular defendant's sentence should be reduced. *Gravatt*, 953 F.3d at 264; *Woodson*, at 817. The latter determination can only be made after the

15

court ignored that the penalties for Subsection 848(e) itself were modified by the Fair Sentencing Act, rendering it a covered offense even if it *were* a standalone statute. And, finally, the district court disregarded the law of this case, which held that Mr. Tipton's convictions under that subsection were predicated upon violations of Section 841(b)(1)(A).

Given this Court's admonitions in Gravatt and Wirsing, supra, the issue before this Court is not so much Mr. Tipton's eligibility for relief under the First Step Act (which, for the reasons discussed infra, is beyond dispute) but the district court's errors in deeming him *ineligible*—overreach that, if not addressed and corrected by this Court, threatens to subvert the very purpose of the First Step Act.

### A.    The "Statute of Violation" for Mr. Tipton's Section 848 Convictions is Section 848 Itself.

As Mr. Tipton argued in his Section 404 motion below, his Section 841(a)(1) and 848 convictions are covered offenses, as the Fair Sentencing Act modified the statutory penalties for both. There is no dispute that his

court has determined that an offense is "covered," and must consider the range of factors that go into a sentencing determination to ensure that it is sufficient, but no more than necessary, to provide just and adequate punishment. *See, e.g. Chambers*, 956 F.3d at 674.

16

Section 841(a)(1) convictions are covered offenses; his Section 848 convictions are the primary point of contention here.

The "statute of violation" for Mr. Tipton's CCE convictions pursuant to Subsections 848(a)[12] and 848(e)[13] is Section 848 itself.  Each of the violations described and penalties imposed in Section 848's subsections has, as its condition precedent, that the defendant engaged in a CCE as defined by Subsection 848(c).[14]  Subsection 848(e)'s definition of CCE turns upon violations of federal drug laws.[15]  And each of the specific violations

---

[12] *See* Count Two, J.A. 40-41.

[13] *See* Counts 3, 17, 18, 19, 24, and 25, J.A. 41, 48-50, 52-53.

[14] *See* 21 U.S.C. § 848 "Continuing Criminal Enterprise."  As detailed below, Subsection (d) of the statute restricts the sentencer from suspending sentence or imposing a term of probation or parole for a violation under any provision of the statute, while subsections (a), (b), and (e) each lay out additional elements that, if found, carry specific penalties. The penalties for a violation of subsection (a) range from a minimum of 20 years to life imprisonment and include significant forfeiture provisions.  The penalties for violation of subsection (b) requires imprisonment for life.  The penalties for violation of subsection (c) range from a minimum of 20 years imprisonment to a life sentence or a sentence of death.

[15] *See, e.g., United States v. Torres-Laranega*, 476 F.3d 1148, 1154 (10th Cir. 2007) ("Under 21 U.S.C. § 848(c), a person is subject to conviction for engaging in a continuing criminal enterprise if: (1) he violates any provision of [the federal drug laws] the punishment for which is a felony,

17

charged in Mr. Tipton's case—his Section 846 conspiracy charge and his

two Section 841(a)(1) possession charges, all for 50 grams or more of crack

cocaine—carries penalties modified by the Fair Sentencing Act.[16]

Because the statutory penalties for Mr. Tipton's Section 841(a)(1) and

848 convictions were thus modified by the Fair Sentencing Act, those

convictions are "covered offenses" subject to reconsideration of sentence

under the First Step Act.  That conclusion comports with this Court's

precedent holding that "[t]he most natural reading of the First Step Act's

definition of 'covered offense' is that 'the statutory penalties for which

were modified by [certain sections of the Fair Sentencing Act]' refers to 'a

Federal criminal statute' rather than 'a *violation* of a Federal criminal

---

and (2) such violation is a part of a continuing series of violations of [the federal drug laws]….")

21 U.S.C. §§ 848(c)(1)-(2)("a person is subject to conviction for engaging in a continuing criminal enterprise if…he violates any provision of [the federal drug laws] the punishment for which is a felony, and…such violation is a part of a continuing series of violations of [the federal drug laws]").

[16] See Counts One (conspiracy to possess with intent to distribute 50 grams or more of crack cocaine in violation of § 846); and Counts 32 and 33 (distribution of crack and possession with intent to distribute in violation of § 841(a)(1)).  J.A. 37-40, 56-57.

statute.'" *Wirsing*, 943 F.3d at 185 (citing Pub. L. No. 115-391, at § 404(a), 132 Stat. at 5222) (alterations and emphasis in original).[17]  It comports with the Government's concessions elsewhere that Section 848 convictions are "eligible for a sentence reduction under the 2018 FSA…due to § 848's requirement of a § 841(b)(1)(A) violation."[18]  And it comports with the conclusions of district courts across the county — including the Eastern District of Virginia and others within this Circuit — that Section 848 convictions are covered offenses.[19]

---

[17] See also *United States v. Boulding*, 960 F.3d 774 (6th Cir. 2020); *United States v. Shaw*, 957 F.3d 734, 738 (7th Cir. 2020) (holding that "the statute of conviction alone determines eligibility for First Step Act relief"); *Brown*, 2020 WL 3106320 at *4; see also *United States v. Jackson*, 2020 WL 3563995, at *7 (3d Cir. July 1, 2020) ("§ 404 eligibility turns on a defendant's statute of conviction").

[18] *Davis*, 2020 WL 1131147 at *2; see also *Brown*, 2020 WL 3106320 at *4 ("As to whether any of the penalties for § 848 have been modified by the Fair Sentencing Act, the parties do not disagree."); and United States' Mot. to Remand at 8, *United States v. Maupin*, No. 19-6817 (4th Cir. Aug. 29, 2019), ECF No. 26.

[19] See, e.g., *Davis*, 2020 WL 1131147 at *2 ("[A] defendant's § 848(e)(1)(A) conviction is a covered offense because it relies on the drug quantity thresholds set by § 841 and, therefore, requires a jury finding that the defendant committed a murder in furtherance of a drug conspiracy to sell 280 or more grams of cocaine base."); *Brown*, 2020 WL 3106320 at *4; Order at 5 (sentencing reduction granted; government has not appealed); *United States v. Kelly*, No. 2:94-CR-163 (E.D. Va. June 5, 2020);

19

### 1.    The District Court's Erroneous Analysis of Mr. Tipton's "Statute of Conviction."

In denying Mr. Tipton's Section 404 motion, however, the district court held that his capital convictions under Subsection 848(e)(1)(A) were *not* covered offenses—a conclusion it justified by dividing the CCE statute's *penalty provisions* into separate *statutes* unto themselves.[20]

The district court began its analysis by "examin[ing] which *statutes* the relevant provisions of the Fair Sentencing Act affected," a list that it limited to only those three *statutory subsections* "expressly affected" by Sections 2 and 3: 21 U.S.C. § 84l(b)(1), 21 U.S.C. § 960(b) and 21 U.S.C. § 844(a).  J.A. 161.  Deeming those subsections "three criminal *statutes*," the

---

*Wright v. United States*, 425 F. Supp. 3d 588, 598 (E.D. Va. 2019); Order at 1, *United States v. Groves*, No. 5:94-CR-97 (E.D.N.C. Nov. 21, 2019); *United States v. Dean*, 2020 WL 2526476, at *3 (D. Minn. May 18, 2020); *United States v. Jimenez*, 2020 WL 2087748, at *2 (S.D.N.Y. Apr. 30, 2020); Order at 4, *United States v. Hines*, No. 5:94-CR-150 (N.D.N.Y. Nov. 8, 2019), ECF No. 607; Order at 4, *United States v. Walker*, No. 5:95-CR-101 (N.D.N.Y. Oct. 25, 2019), ECF No. 620; Order at 4, *United States v. Robinson*, No. 98-CR-60 (E.D. Wis. Sept. 27, 2019), ECF No. 606.

[20] The district court does not specifically address Mr. Tipton's arguments below; instead, it incorporates its order denying a Section 404 motion from Mr. Tipton's co-defendant, James Roane.  J.A. 148-88. As a result, the district court's analysis does not precisely track Mr. Tipton's arguments, or account for all of the evidence and authority he provided.

district court found that Section 848's "conspicuous[] absen[ce] from Sections 2 and 3 of the Fair Sentencing Act….provides strong evidence that a violation of§ 848(e)(1)(A) does not constitute a 'covered offense.'"  *Id.* (citing 18 U.S.C. § 3582(c)(1)(B); see *United States v. Johnson*, 529 U.S. 53, 58 (2000).

Conceding that "some parts of the [Section 848] CCE statute reference the statutes that the Fair Sentencing Act did modify," however, the district court stated that it would make "further inquiry" by "identify[ing] *with particularity* Defendant's statute of conviction[.]"  *Id.* (emphasis added.) To do so, the district court wrote, it "must determine whether to analyze § 848 *as a whole* or *specifically § 848(e)(l)(A)* as Defendant's statute of conviction."  *Id.* 161-62 (emphases added).  It chose the latter course. Concluding that "the Fair Sentencing Act potentially modified the sentencing penalties for *some* § 848 convictions, but not *all*," the district court found that one of Section 848's subsections, "§ 848(e)(1)(A)[,] constitutes Defendant's *statute* of conviction, rendering the case law regarding *other sections* of § 848 inapposite."  *Id.* at 162 (emphases added).

The district court then offered its own analysis of Section 848's structure, holding that it "contains three substantive provisions, each of

21

which provides for its own criminal liability and penalties. 21 U.S.C.

§ 848(a), (b), and (e)." *Id.* at 163.[21]  Citing this Court's 1997 decision in

*United States v. NJB,* the district court held that "§ 848(e) acts as an *entirely*

*self-contained* subsection of the statute," noting *NJB*'s discussion of "other

provisions in a *previous version of the statute* [that] referenced § 848(e) as a

distinct offense" as evidence of "'Congress' intent that § 848(e) be a

separate crime.'" *Id.* (emphases added) (citing 104 F.3d 630,635 (4th Cir.

1997)).   Accordingly, the district court found "that § 848(e)(1)(A) — and not

§ 848 broadly — constitutes [Mr. Tipton's] *statute* of conviction." *Id.*  And, as

§ 848(e)(1)(A)'s "statutory penalties" of "death or life imprisonment with a

mandatory minimum of 20 years' imprisonment" were not altered by the

Fair Sentencing Act, the district court declared it not a covered offense. *Id.*

> **2.** **The District Court's Partitioning of Section 848 Is Irreconcilable with This Court's Precedent.**

As noted above, the district court's division of Section 848 into

multiple statutes — some covered offenses, some not — renders it an outlier

among those courts that have analyzed this question, including its sister

---

[21] The district court's elision of § 848(c) — the provision which, as discussed infra, *defines* CCE —  is significant.

district court. See n. 19, supra at 19-20. It runs afoul of this Court's admonition in *Wirsing*, holding that "[t]he most natural reading of the First Step Act's definition of 'covered offense' is that 'the statutory penalties for which were modified by [certain sections of the Fair Sentencing Act]' refers to 'a Federal criminal statute' rather than 'a *violation* of a Federal criminal statute.'" 943 F.3d at 185 (citing Section 404(a)) (emphasis in original). And it cannot be reconciled with this Court's prior analyses of criminal statutes when determining what constitutes a covered offense.

Particularly illustrative is *Woodson*, in which this Court reversed the Northern District of West Virginia's denial of a Section 404 motion "on the ground that the First Step Act does not apply to crack offenders sentenced under Subsection 841(b)(1)(C)," which it deemed not a "covered offense." 962 F.3d at 813. The reasoning of the lower court in *Woodson*, which tracked that of the district court here, was that "the Fair Sentencing Act did not modify 21 U.S.C. § 841(b)(1)(C) because it left that provision's text unchanged while it directly altered the text of 21 U.S.C. §§ 841(b)(1)(A)(iii) and (B)(iii) by increasing the threshold quantities of crack cocaine referenced therein." *Woodson*, 962 F.3d at 814.

23

This Court rejected that atomistic approach to identifying a covered offense, instead examining "the operation of 21 U.S.C. § 841"—the statute *as a whole*—"and the changes made to the statute by the Fair Sentencing Act." *Id.* at 814. This Court determined that Section 841(a) *defines* the unlawful conduct punished by the statute—to "manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense" a controlled substance—while "Section 841(b) imposes *penalties* for violating Section 841(a)." *Id.* at 815 (emphasis added). "Reading [Section 841(b)'s three] subsections together," this Court identified "three brackets" of punishment, each defined by specific range of drug quantity that was "shifted…upward" by the Fair Sentencing Act. *Id.* Accordingly, this Court observed, while "Section 2 of the Fair Sentencing Act did not alter *the terms of imprisonment* specified in Subsections 841(b)(1)(A)(iii) and (B)(iii), it did alter *the amounts of crack cocaine* required to trigger those terms." *Id.* And "those increases in the drug weights to which the statutory subsections apply" were sufficient to constitute "modifications of the statutory penalties for purposes of the First Step Act." *Id.*

"In the same way," this Court concluded, "the Fair Sentencing Act 'modified' Subsection 841(b)(1)(C)," and "did not need to amend [its] text"

24

to do so, because "the scope of [its] penalty for crack cocaine trafficking is defined by reference to Subsections 841(b)(1)(A)(iii) and (B)(iii)[.]" *Id.* Accordingly, "by increasing the drug weights to which the penalties in Subsections 841(b)(1)(A)(iii) and (B)(iii) applied, Congress also increased the crack cocaine weights to which Subsection 841(b)(1)(C) applied and *thereby modified its statutory penalty*[.]" *Id.* (emphasis added). This conclusion "accords with the ordinary meaning of the term 'modified,' which 'includes any change, however slight.'" *Id.* at 816 (quoting *United States v. Carl Smith*, 954 F.3d 446, 449 (1st Cir. 2020)).

*Woodson* "accords with [this Court's] precedent holding that the relevant change for purposes of a 'covered offense' under the First Step Act is a change to the statutory penalties for a defendant's statute of conviction, not a change to a defendant's particular sentencing range as a result of the Fair Sentencing Act's modifications." *Id.* at 817 (citing *Wirsing*, 943 F.3d at 185–186). It also recognizes that "Section 2 of the Fair Sentencing Act shifted the entire sentencing scale for crack cocaine trafficking offenses," that "even defendants whose offenses remain within the same subsection after Section 2's amendments are eligible for relief[.]" *Id.*

25

### 3.   *Brown* demonstrates the proper application of *Woodson* to Section 848.

And *Woodson*'s analytical framework applies with equal force to Section 848, as recognized by the district court's sister district court in *Brown,* supra.  The defendant in *Brown* filed a Section 404 motion to reduce his sentence for, *inter alia*, a CCE conviction in violation of Section 848(a), "contend[ing] that because at least one of the penalties for 21 U.S.C. § 848 has been modified—specifically, the penalty under § 848(b)—the Court may resentence him under the authority granted by the First Step Act regardless of the fact that he was sentenced to a penalty under § 848 that was not altered by the Fair Sentencing Act."  *Brown*, 2020 WL 3106320, at *2.  The court agreed, citing *Woodson*[22] and quoting *Wirsing*'s caution against "a complicated and eligibility-limiting determination at the 'covered offense' stage of the analysis.'" *Id.* at *4 (quoting *Wirsing*, 943 F.3d at 186).

---

[22] *Brown* preceded this Court's "memorandum opinion explaining its reasoning in *Woodson*," but cited its decision overruling the district court's decision "that a defendant seeking a sentence reduction did not commit a covered offense, because the specific penalty imposed upon him under § 841(b)(1)(C) was not modified by the Fair Sentencing Act" as "instructive."  2020 WL 3106320 at *3.

> In light of this guiding principle and the aforementioned cases,
> the question before the Court is clear: is there at least one
> *penalty* that attaches to Defendant's *statute of conviction* that has
> been modified by Section 2 or 3 of the Fair Sentencing Act? If
> yes, then Defendant has committed a covered offense, and he is
> eligible for resentencing.

*Id.* (emphases added).

In identifying the defendant's statute of conviction, the court rejected

the government's contention "that § 848(a) supplies not just Defendant's

penalty, but acts as his statute of conviction" — a contention that, again,

mirrors the reasoning of the district court here — as "not supported by the

statutory framework." *Id.* The "most straightforward solution," the court

wrote, is to identify "§ 848 *as a whole*" as the statute of conviction,

"particularly given the brief nature of the statute and its focus on one type

of unlawful activity: continuing criminal enterprises related to controlled

substances." *Id.* (emphasis added.) Alternatively, "the most likely

subsection that would serve as Defendant's statute of conviction is § 848(c),

which sets out the conduct that is made unlawful under § 848 — that is, it

*defines* what conduct constitutes a 'continuing criminal enterprise.'" *Id.*

(emphasis added). By contrast, the court noted, "§ 841(a), (b), and *(e)* set

27

forth the *penalties* for specific types of violative conduct, which all fall under the umbrella created by § 848(c)." *Id.* (emphases added).

The court further observed that the "headings of § 848 also lend credence to the idea that § 848](a)] is not Defendant's statute of conviction, but rather one of its penalties." *Id.* § 848(c)'s heading corresponds with the function noted by the court: "'Continuing criminal enterprise' defined." So, too, do those of the penalty provisions: § 848(a) is titled "Penalties; Forfeitures," § 848(b) is entitled "Life imprisonment for engaging in continuing criminal enterprise," and § 848(e) is entitled "Death Penalty." As the court noted, Subsection 848(e) "even begins with the phrase 'In addition to the other *penalties* set forth in this section'" — a "use of the plural" that the court finds "telling, as there are only two other penalties set forth in § 848 — life imprisonment under § 848(b) and those described under § 848(a)." *Id.* (emphasis added.)

With the final question of "whether any of the penalties for § 848 have been modified by the Fair Sentencing Act" resolved by the parties' agreement "that the penalty under § 848(b) was so modified" — and, significantly here, by the ruling by "at least one other court in this district…that the penalty imposed by § 848(e)(1)(A) was also modified — "

28

the court found the defendant "eligible for resentencing under the First Step Act." *Id.* (citing *Davis*, 2020 WL 1131147 at *2 ("a defendant's § 848(e)(1)(A) conviction is a covered offense because it relies on the drug quantity thresholds set by § 841 and, therefore, requires a jury finding that the defendant committed a murder in furtherance of a drug conspiracy to sell 280 or more grams of cocaine base")).

Again, many other courts have applied these same principles to conclude that § 848 or § 848(c) is the statute, while its remaining provisions are penalty provisions. See n. 19, supra at 29. A especially telling example is *United States v. Moore*, in which the Northern District of Illinois reviewed a Section 404 motion from a defendant convicted of § 848 CCE and sentenced to life imprisonment pursuant to § 848(b). 2020 WL 4748154 (N.D. ILL. 2020). The court held that § 848 "sets forth multiple, alternative versions of a CCE offense, all of which require proof of the unlawful conduct set forth in *§ 848(c)* and some of which . . . require proof of specific additional facts and call for different punishments." *Moore*, 2020 WL 4748154 at *1 (emphasis added). Accordingly, the court found "that defendant's statute of conviction 'is either § 848 as a whole, or § 848(c),

29

which describes all the conduct necessary to violate § 848.'" *Id.* (quoting *Carl Smith*, 954 F.3d at 449). As the court explained:

> Subsection 848(c) is defendant's statute because it answers the question, "What conduct violates § 848?" Other subsections, in contrast answer a different question: "When someone violates §848, what penalties may or must be imposed?"

*Id.*

The court further found that the Fair Sentencing Act "did not modify the penalties on an individual basis," but "broadly modified penalties for entire categories of offenses that include fixed aggravating elements, such as the weight of the drug. Those categories of offenses include § 848." *Id.* at *2 (quoting *United States v. Shaw*, 957 F.3d 734, 739 (7th Cir. 2020)). Accordingly, as "the defendant's statute of conviction is not § 848(b)(2)(B), but is instead § 848 or § 848(c)," and "[t]he fair sentencing act modified at least one of § 848's penalties" by "rais[ing] the quantity of crack cocaine needed to trigger the mandatory life under § 848(b)(2)(A)," the defendant "is eligible for a sentence reduction under the First Step Act." *Id.* [23]

---

[23] *Moore* relied upon the First Circuit's decision in *Carl Smith*, supra — authority also cited by *Woodson* and *Brown*. As the court noted, *Carl Smith* "considered a federal criminal statute dealing with drug sales under § 841, rather than with continuing criminal enterprises under § 848. But the two statutes are structurally similar." *Moore*, 2020 WL 4748154 at *1. As Moore

### 4.    *NJB* is inapposite.

While aware of much of this authority, the district court rejected it,

relying instead on this Court's 1997 decision in *NJB* as "Fourth Circuit

precedent that § 848(e)(1)(A) stands by itself apart from the rest of § 848."

J.A. 35 (citing 104 F.3d at 633(the statute "clearly expresses Congress' intent

that § 848(e) be a separate crime")).  But *NJB* is inapposite.  In that case, the

Court addressed both an earlier version of Section 848 and a narrower and

quite different question: whether the Government had given a juvenile

defendant adequate notice that the offense with which he was charged was

a "crime of violence" for which he could be prosecuted as an adult in

federal court.  Unsurprisingly, as this case preceded both the Fair

Sentencing Act and First Step Act by more than ten and twenty years,

respectively, the Court did not address what the defendant's "statute of

conviction" was for their purposes.  Moreover, while *NJB* holds that

Section 848 "clearly expresses Congress' intent that § 848(e) be a separate

*crime*," the terms "crime" and "statute" are not fungible.  "Crime" can refer

---

wrote, "the First Circuit explained that '§ 841(a) lists the acts that violate
the law (manufacturing, distributing, etc.), whereas § 841(b) correlates
increasing penalties to the quantities associated with the acts that violate
§ 841(a).'" *Id.* (citing *Carl Smith*, 954 F.3d at 449).

31

to the violation of a statute *or* the subsection of a statute.  Mr. Tipton

accordingly submits that the many adjudications discussed above which

recognize that Section 848 is a covered offense better reflect the principles

of the First Step Act and this Court's precedent, and that the district court's

conclusion to the contrary should be reversed.

> **B.    The District Court Ignores that Even if Subsection 848(e) was a "Statute," It Would Be a Covered Offense.**

The district court's attempt to declare Mr. Tipton ineligible by

designating Subsection 848(e) as his statute of conviction also fails on its

own terms.  Even if Subsection 848(e) *were* a standalone statute, its

penalties have been modified by the Fair Sentencing Act, making it a

"covered offense" for purposes of the First Step Act.

> **1.    § 848(e)(1)(A)'s predicate offenses include § 841(b)(1)(A).**

As noted *supra*, Subsection 848(e)(1)(A) contains as predicate offenses

those "punishable under section 841(b)(1)(A)…or section 960(b)(1) of this

title," or the defendant's participation in a CCE.  The quantities of crack

cocaine required to authorize a conviction pursuant to the first of these

predicates, § 841(b)(1)(A), were expressly increased by Section 2 of the Fair

Sentencing Act.  As a result, a defendant could have been convicted of a

§ 841(b)(1)(A) offense *prior* to passage of the Fair Sentencing Act based on a quantity of crack cocaine that, today, would not even allow him even to *be charged* under that provision.

An illustration: At the time of his sentencing, Mr. Tipton's two Section 841(a)(1) convictions for possessing with intent to distribute more than fifty grams of crack were punishable under § 841(b)(1)(A), which imposed a mandatory minimum of ten years' incarceration and a maximum penalty of life imprisonment. Were he sentenced today, however, that quantity would authorize punishment under § 841(b)(1)(B) only, which carries a five-year mandatory minimum penalty and a statutory maximum of forty years.[24]

The First Step Act does not invalidate the existing § 841(b)(1)(A) convictions of defendants such as Mr. Tipton.  But, as such defendants would have to be charged differently today from how they were charged prior to the Fair Sentencing Act, it has indisputably modified the penalties

---

[24] This shift from § 841(b)(1)(A) to § 841(b)(1)(B) is particularly notable here because, between the two, only a crime punishable under the former provision can by *itself* serve as a predicate for imposing a sentence of death pursuant to Subsection 848(e)(1)(A).

33

for their offense.  Accordingly, § 841(b)(1)(A) is "covered" within the

meaning of the First Step Act.

And, because § 841(b)(1)(A) is a covered offense, the offense for

which it serves as a predicate, Subsection 848(e)(1)(A), is covered as well.

In sum, a violation of Subsection 848(e) may rest on a violation of

Subsection 848(e)(1)(A)—which, in turn, may rest on a violation of

§ 841(b)(1)(A).  Accordingly, a defendant's convictions under § 848(e), were

it truly a "statute," would still constitute "covered offenses."

### 2.    *Snow* is inapposite

The district court rejected this argument, citing the Sixth Circuit's

decision in *United States v. Snow* to find that § 848(e)(1)(A) cannot be a

"covered offense" lest it result in the defendant's convictions under that

provision and § 841(b)(1)(A) being invalidated.  J.A. 94-95 (citing 967 F.3d

563, 564 (6th Cir. 2020)).  But *Snow* was distorted by the defendant's

attempted misuse of the First Step Act to challenge his § 848(e)(1)(A)

*conviction*, on the ground that the amount of cocaine base attributed to him

was, after the Fair Sentencing Act, below the "threshold quantity" of 280

grams required for the predicate "offense punishable under section

841(b)(1)(A)." *Snow*, 967 F.3d at 564.  The Sixth Circuit denied relief,

34

reasoning that Subsection 848(e) could not be a covered offense because, "going forward, a defendant cannot be convicted under § 848(e)(1)(A) for murder while engaged in a conspiracy to distribute less than 280 grams," and the First Step Act contemplated only the modification and not "the *elimination* of a sentence, as would be required here." *Snow*, 967 F.3d at 565.

*Snow*, which overreacted to the defendant's overreach, is not persuasive authority. The First Step Act nowhere purports to provide a mechanism for challenging *convictions*; it merely entitles a defendant convicted of a covered offense to have its *sentence* re-examined. The defendant's motion could have been denied on that basis alone. By instead accepting the defendant's framing, *Snow* (and the district court here) advanced reasoning that would exclude offenses that *expressly turn on drug quantities* from being "covered offenses"—for example, in cases in which only the minimum drug quantity was proven, as there, too, "going forward" such a conviction would no longer be possible. That interpretation would defeat the express purpose of the First Step Act.

*Snow*, in sum, is misshapen by the prospect of far broader relief than Mr. Tipton has sought here. Mr. Tipton has never asked this Court to

35

vacate his § 848 convictions, or suggested that they carry no liability. While he contends that his sentences of death rest upon predicate offenses that would not authorize capital punishment if prosecuted today, he has cited that as a reason *to impose a lesser sentence*, not to remove any sentence altogether. Accordingly, *Snow* should not serve as a barrier to relief.

C. **The Penalties for Mr. Tipton's Section 848(e) Convictions Were Modified by the Fair Sentencing Act Even If Predicated on its CCE Prong.**

The district court also errs in declaring that Mr. Tipton's Section 848(e) conviction was not a covered offense because Subsection 848(e)(1)(A) was predicated on the CCE prong, which does not expressly reference § 841(b)(1)(A). J.A. 164-67. The district court acknowledged that Mr. Tipton also "relie[d] on the specific facts underlying his convictions" to argue that his Section 848(e) convictions were covered offenses, but asserted that those facts "cut against" such a finding. Id. at 164. The district court rejected the argument that Mr. Tipton's "'§ 848 convictions would no longer be subject to the death penalty'" as "plainly misstat[ing] the facts" of those convictions," asserting that they "had no basis in § 841(b)(1)(A) and did not incorporate § 841(b)(1)(A) as an element." *Id.* The district court further insisted that "[a] review of the record clearly

36

demonstrates that Defendant's convictions rested on the first" of § 848(e)(1)(A)'s three prongs—engaging in or working in furtherance of a CCE—as evidenced by neither the indictment nor jury instructions making reference to § 841(b)(1)(A). *Id.* (citing *United States v. Hager*, 721 F.3d 167, 179-80 (4th Cir. 2013)).

This, too, is error. As this Court has recognized, the First Step Act's categorical approach requires only a modification to the penalties for a defendant's "*statute* of conviction." *Gravatt*, 953 F.3d at 262 (emphasis added). And, as discussed *supra*, one of the three predicate offenses for Subsection 848(e)(1)(A) is a violation of § 841(b)(1)(A), the penalties for which were incontrovertibly modified by the Fair Sentencing Act. That is sufficient to constitute a modification to Mr. Tipton's "statute of conviction," even if the district court is allowed to define it so narrowly as Section 848(e)(1)(A).

> **1.      In *Hall*, the district court recognized Section 848 as a covered offense for the very reasons discussed above.**

Another Eastern District of Virginia case, *Hall v. United States*, is instructive here, as it closely parallels the facts in Mr. Tipton's case. In *Hall*, the defendant filed a Section 404 motion arguing that his § 848 CCE

conviction was a covered offense both "because the penalties for the *underlying offense under the CCE* were modified by § 2 or § 3 of the FSA" *and* "because the FSA modified the statutory penalties of § 848." No. 2:93-CR-162-1, 2020 U.S. Dist. LEXIS 121742 at *10 (E.D.Va. 2020).  The government opposed, arguing that "while a conviction under § 848(b) *may* be a covered offense" because it incorporates § 841(b)(1)(A),"the defendant's conviction under § 848(a) and (c) are not covered because these provisions have nothing to do with the quantity of crack." *Hall*, LEXIS 121742 at *10 (emphasis added).

The court disagreed, concluding that the defendant's Section 848 convictions were indeed covered offenses.  The court began by noting that the defendant "was still subjected to the penalties involved in § 848(b) and therefore faced a mandatory minimum under 21 U.S.C. § 848(a) or potentially mandatory life under § 848(b), if certain factors were proven by a preponderance of evidence at sentencing."  *Id.* at *12.  Rejecting the government's claim that Section 848(a) and (c) convictions have "*nothing to do* with the quantity of crack cocaine particularly in Petitioner's case" just because they do "not specifically cross-reference § 841 or § 846," the court noted that the defendant "was convicted of CCE *because* he committed a

38

series of underlying violations under § 841 and § 846," as his jury could not have convicted him under § 848 unless it "unanimously agree[d] not only that [the] defendant committed some continuing series of violations but also that the defendant committed each of the individual violations necessary to make up the 'continuing series." *Id.* at 12-13 (citations omitted) (emphasis added).[25] In another parallel to Mr. Tipton's case, the violations underlying the defendant's CCE conviction included "conspiring to distribute at least 50 grams or more of crack cocaine in violation of 21 U.S.C. § 841(a)(1)…[and] engaging in CCE *by violating 21 U.S.C. § 841 and 846*." *Id.* at 13 (emphasis in original). While the court itself vacated the defendant's § 846 conspiracy conviction as "a lesser included offense of the CCE," it held that "the underlying series of violations for Petitioner's CCE offense included violations of crack cocaine offenses under 21 U.S.C. § 841(a)(1) and (b)(1)(A)," the statutory penalties of which were modified by the FSA. *Id.* at 13-14. Accordingly, the court held that

---

[25] Given this Court's holding in *Woodson*, even if Mr. Tipton's CCE was a series of § 841(b)(1)(C) violations, that provision was modified by increasing the level from 5 to 28. Accordingly, any Section 848(c) offense must by definition be a covered offense, at least so long as the drug in question is crack cocaine, which is the only drug alleged here.

the defendant's § 848 CCE conviction was a covered offense, "not only

because the provisions Petitioner was convicted under references

§ 841 and § 846, but also because *the essence of Petitioner's conviction under*

*§ 848* involved Petitioner's trafficking of crack cocaine." *Id.* at 14 (emphasis

added). The court summarized its holding as follows:

> The *mere title* of a statute does not prevent Petitioner's eligibility
> under the First Step Act where the object of Petitioner's offense
> was dealing in crack cocaine. To hold otherwise would render
> the First Step Act useless where the goal of the act is to correct
> unjust sentences given to those who dealt with crack cocaine
> and who could not benefit from the changes to the federal
> sentencing scheme over the last two decades.

*Id.* at 14.

> **2. The law of the case establishes that Mr. Tipton's Section 848(e) convictions were predicated on § 841(b)(1)(A), which makes them covered offenses.**

Moreover, even if the district court *were* allowed to parse Mr. Tipton's

statute of conviction down to a single subsection and predicate, it would

make no difference here, as this Court *has already determined* that Mr.

Tipton's § 848 convictions were predicated on violations of § 841(b)(1)(A).

As noted supra, this Court vacated Mr. Tipton's conviction of conspiracy to

distribute cocaine in violation of § 846 because it found that conviction *a*

*lesser included offense* of his convictions under § 848. *Tipton*, 90 F.3d at 891,

40

903 (4th Cir. 1996). In keeping with Supreme Court precedent, the Circuit could not have so ruled unless it determined that *all of the elements* of his § 846 conspiracy conviction were necessarily encompassed by the elements of his § 848(e)(1)(A) convictions. *See Blockburger v. United States*, 284 U.S. 299, 304 (1932).

The record in this case establishes unequivocally that Mr. Tipton's § 846 conviction was based on a conspiracy to violate *§ 841(b)(1)(A).* That is clear from his indictment, which charges him with conspiracy to "possess with the intent to distribute, and to distribute…at least fifty (50) grams or more of a mixture or substance described in Title 21, United States Code, *Section 841(b)(1)(A)(ii),* which contains cocaine base, in violation of Title 21, United States Code, Section 841(a)(l)." J.A. 37. It is also clear from the instructions given his jury, which stated that, in order to convict Mr. Tipton of the § 846 conspiracy charged in Count One, they "*must find* beyond a reasonable doubt that the conspiracy distributed or possessed with intent to distribute, or attempted to possess with intent to distribute *at least 50 grams or more of crack cocaine.*" J.A. 6-8 (emphases added). Moreover, this Court also found that Count Two "identified and incorporated by reference all violations of 21 U.S.C. § § 841 and 846 charged against the appellants

41

elsewhere in the indictment…, including the conspiracy charged [under § 846] in Count 1 [and] the drug distribution jointly charged [under § 841(b)(1)(A)] in Count 32". *Tipton*, 90 F.3d, 884; *see also* Count Two of superseding indictment, charging Mr. Tipton with "engag[ing] in a Continuing Criminal Enterprise, that is, . . . violat[ing] Title 21, United States Code, Section 841 and 846" as "part of a continuing series of violations," J.A. 40-41.  In sum, Mr. Tipton's § 848(e)(1)(A) convictions rested upon a conspiracy to violate § 841(b)(1)(A), as charged in Count One, and on violations of § 841(b)(1)(A), as charged in Count Two.  By the law of the case, his § 848(e)(1)(A) convictions are premised upon violations of § 841(b)(1)(A) and, accordingly, are covered offenses.

Even in the face of this Court's holding on direct appeal, the district court insists that its narrow formulation of the statute of conviction—Subsection 848(e)(1)(A) predicated on the CCE prong—is not a covered offense, as the penalty authorized for Mr. Tipton would not change.  J.A. 181. Even if true, this conclusion would directly contradict this Court's precedent in *Woodson*, which concluded that § 841(b)(1)(C) is a "covered offense" even though defendants convicted before and after the Fair Sentencing Act are subject to *the same sentencing range*.  962 F.3d at 816-17.

### D.     Policy Considerations Do Not Except Mr. Tipton From the First Step Act.

Finally, the district court offers a policy argument, insisting that Congress "plainly did not intend" for the First Step Act to apply to Mr. Tipton's "deadly drug crimes." J.A. 181. But the district court's attempt to "impose an additional limitation to the Act's applicability" is not well taken. *Gravatt*, 953 F.3d at 264. As this Court has held, "[t]he Act sets forth the express limitations for its application in Section 404(c)." *Id.* Had "Congress intended for the Act not to apply" in certain circumstances, "it could have included that language." *Id.* When "it did not," this Court has "decline[d] to expand the limitations crafted by Congress." *Id.* It should refuse to do so here as well.

Mr. Tipton further notes that the premises of the district court's assessment of Congressional intent are flawed. As the district court held in Hall, where "the essence of Petitioner's conviction under § 848 involved Petitioner's trafficking of crack cocaine….[t]he mere title of a statute does not prevent Petitioner's eligibility under the First Step Act." *Hall*, LEXIS 121742 at *14 (emphasis added). The First Step Act was "intended to rectify disproportionate and racially disparate penalties" in federal sentencing.

*United States v. Boulding*, 960 F.3d 774, 782 (6th Cir. 2020). Those disparities would hardly be expunged in cases in which a defendant's eligibility for a sentence of death or life imprisonment turned on whether he committed an offense involving crack, rather than powder, cocaine.

## II.    Mr. Tipton is Entitled to a Complete Review of the Merits of His Sentences.

### A.    Mr. Tipton's Capital Sentences Should Be Reviewed by a Jury.

As Mr. Tipton's § 848(e) offenses are "covered" by the First Step Act, Section 404 requires that his sentences, including his sentences of death, receive a "complete review on the merits," Pub. L. No. 115-391, § 404(c) (2018).  Consistent with the provisions of the Anti-Drug Abuse Act of 1986, Pub. L. No. 99-570, 100 Stat. 3207, under which he was sentenced to death, and 18 U.S.C. § 3593, which superseded those provisions[26], Mr. Tipton asks this Court to remand his case for the vacatur of those sentences and a capital sentencing proceeding before a jury, at which he will be entitled to

---

[26] *See* 18 U.S.C. § 3593(b)(2)(D) (where defendant is subject to the death penalty, a sentencing hearing shall be conducted "before a jury impaneled for purposes of the hearing if . . . after initial imposition of a sentence under this section, reconsideration of the sentence under this section is necessary"); *see also Hurst v. Florida,* 577 U.S. 92, 102-103 (2016).

present evidence of mitigating circumstances that argue against the imposition of a sentence of death.[27] *See Wright v. United States*, 425 F. Supp. 3d 588, 597 (E.D. Va. 2019); *United States v. Martin*, No. 19-3905, 2020 WL 3251021, at *2 (6th Cir. June 16, 2020) (finding that the "district court erred in limiting what information it could consider for resentencing under the First Step Act" and observing "that it is within the district court's discretion to hold a hearing on remand").[28]  This request is also consistent with this Court's precedent, which holds that *a jury* must be the fact-finder with respect to a capital resentencing.  *Stitt V*, 552 F.3d at 354-55 (finding that a

---

[27] Mr. Tipton has made a proffer of that evidence in the district court. J.A. 20-23.  The district court's duty to vacate his death sentences and convene a resentencing jury is only underscored by the many holdings of Supreme Court requiring a sentencer to consider, as a mitigating factor, "any aspect of a defendant's character or record and any of the circumstances of the offense that the defendant proffers as a basis for a sentence less than death."  *Lockett v. Ohio*, 438 U.S. 586, 604 (1978);  see also *Woodson v. North Carolina*, 428 U.S. 280, 304 (1976) ("the fundamental respect for humanity underlying the Eighth Amendment requires consideration of the character and record of the individual offender and the circumstances of the particular offense."); (sentencer must consider, as a mitigating factor, "any aspect of a defendant's character or record and any of the circumstances of the offense that the defendant proffers as a basis for a sentence less than death."); see also *Eddings v. Oklahoma*, 455 U.S. 104, 117 (1982).

[28] *See Stitt V*, 552 F.3d at 354-55; 21 U.S.C. § 848(g); 18 U.S.C. § 3593; *see also Hurst*, 577 U.S. at 94; *Ring*, 536 U.S. at 609.

45

defendant who was sentenced to death under § 848(e)(1)(A) and whose sentence was vacated and reconsidered after §§ 848(g)-(r) were repealed by Congress, was entitled a jury resentencing under § 848(i)(1)(B)(iv) because the Savings Statute preserved this remedy for him) (hereafter "*Stitt V*").

Mr. Tipton further seeks a reduction in the terms of years imposed for his non-capital, covered convictions, which includes weighing the sentencing factors codified in 18 U.S.C. § 3553(a). *Shaw*, 957 F.3d at 742 (the record must show that district court "considered the arguments presented" and "accounted for the 18 U.S.C. § 3553(a) factors."); *United States v. Boulding*, 960 F.3d 774, 776 (6th Cir. 2020) ("an eligible defendant is entitled to an accurate amended guideline calculation and renewed consideration of the 18 U.S.C. § 3553(a) factors"); *United States v. Smith*, 959 F.3d 701, 703 (6th Cir. 2020) (same). § 3553(a) further states that a court "shall impose a sentence sufficient, but not greater than necessary," to comply with its purposes, and directs the Court to consider "the nature and circumstances of the offense and the history and characteristics of the defendant." § 3553(a)(1). Critically here, § 3553(a) also directs the Court to consider "the kinds of sentence and the sentencing range established" for the categories of offense committed and "the kinds of sentences *available*." —

46

which, in Mr. Tipton's case, requires acknowledging that a sentence of death would *not* be available for his Section 848(e) convictions, were he tried today. *Id.* (emphasis added.)

**B.     The District Court Abused Its Discretion in Declining to Reduce Mr. Tipton's Sentence Even for Those Offenses It Found "Covered."**

While the district court found that Mr. Tipton's 841(a)(l) convictions (Counts Thirty-Two and Thirty-Three) were covered offenses, and purported to consider the § 3553 factors in deciding not to exercise its discretion to reduce his sentences for those counts, its opinion suggests that its analysis was predetermined by other considerations. As noted above, the district court characterized Mr. Tipton as a "serial killer" whose Section 404 motion was "a last-ditch effort to avoid the just punishment imposed on him" by "latch[ing] onto laws passed to reduce the sentencing disparities between non-violent crack and powder cocaine offenses[.]" J.A. 189, 200; see also n. 9, supra at 16. While the district court's most inflammatory comments are juxtaposed with Mr. Tipton's challenges to his death sentences, the district court concludes its opinion by expressing certainty that "the jury in this case heard all of the evidence relating to Defendant's role in this drug enterprise" and "evidence relating to his

47

character." J.A. 200. The district court describes the jury as "speaking on behalf of the community," and "refuses to overturn the will of the community." *Id.* "It is not the Court's role to *revisit the jury's determination*," its order concludes, "especially when doing so would run contrary to the goals of the First Step Act." *Id.*

But it is the district court's refusal to "revisit the jury's determination" that runs contrary to the goals of the First Step Act; its protestations notwithstanding, that revisiting is *precisely* its role. As this Court explained in *Chambers,* Section 404(b) of the Act instructs the court to "impose" sentence, not merely reduce or accept what a previous sentencer has done. 956 F.3d at 674. Indeed, this Court anticipates that post-sentencing evidence—evidence that, by definition, the jury did not hear—"may be highly relevant to several of [the § 3553] factors.") *Id.* (quoting *Pepper v. United States*, 562 U.S. 467, 491 (2011)).

The district court's misapprehension of its role, combined with its presumption that the jury had all the necessary evidence, and its cursory and conclusory discussion of the § 3553 factors[29], suggests that it limited

---

[29] The district court's discussion of Mr. Tipton's mitigating evidence is limited to a single sentence. J.A. 199 ("The Court has considered the

48

the information that it could or would consider for resentencing under the First Step Act. *United States v. White*, No. 19-3058, 2020 WL 7702705, at *1 (D.C. Cir. Dec. 29, 2020) ("[I]t is unclear whether the court properly weighed the factors listed in 18 U.S.C. § 3553(a). And there is nothing to indicate that the District Court weighed the mitigating factors raised by Appellant[.]")  That is an error of law. *Chambers*, 956 F.3d at 675; *United States v. Martin*, No. 19-3905, 2020 WL 3251021, at *2 (6th Cir. June 16, 2020) (finding that the "district court erred in limiting what information it could consider for resentencing under the First Step Act.").  That error, and the district court's refusal to perform the role assigned by the First Step Act, necessarily constitutes an abuse of discretion. *See United States v. Jackson*, 952 F.3d 492, 495-97 (4th Cir. 2020); see also *United States v. Dillard*, 891 F.3d 151, 158 (4th Cir. 2018) (citation omitted) ("A district court abuses its discretion when it acts arbitrarily or irrationally, fails to consider judicially recognized factors constraining its exercise of discretion, relies on erroneous factual or legal premises, or commits an error of law"); *Teleguz v.*

---

evidence of the mitigating factors that Defendant has raised in his Motion, including his neglectful and abusive childhood.")  Such "discount[ing] to irrelevance the evidence of [an] abusive childhood" has been condemned by the Supreme Court.  *Porter v. McCollum*, 558 U.S. 30, 43 (2009).

49

*Pearson*, 689 F.3d 322, 327 (4th Cir. 2012) ("When a court bases its decision on an error of law, it necessarily abuses its discretion.").

Mr. Tipton accordingly asks this Court to direct the district court to consider *all* evidence offered in mitigation of the sentences this Court puts before it for review.

## CONCLUSION

For all of the foregoing reasons, Mr. Tipton asks this Court to find that his convictions under Section 848 eligible are "covered offenses," and that he is eligible to have the sentences imposed for those offenses reconsidered pursuant to the First Step Act.  As to his capital offenses, he asks this Court to instruct the district court to impanel a jury for the purpose of imposing sentences based upon current law and the range of evidence contemplated by this Court in *Chambers*, by the terms of 18 U.S.C. § 3593, and as required by capital jurisprudence.

## REQUEST FOR ORAL ARGUMENT

Counsel for appellant assert that the issues raised in this brief may be more fully developed through oral argument, and respectfully request the same.

Respectfully submitted on this, the 6th day of January, 2021.

*/s/ Gerald W. King, Jr.*

| | |
|---|---|
| Gerald W. King, Jr. | Stephen Northup |
| Ga. Bar No. 140981 | VSB #16547 |
| Federal Public Defender | Troutman Sanders LLP |
| Western District of North Carolina | P.O. Box 1122 |
| 129 West Trade Street, Suite 300 | Richmond, Virginia 23218-1122 |
| Charlotte, NC 28202 | (804) 697-1240 |
| Tel: (704) 374-0720 | (fax) (804) 698-5120 |
| Direct: (704) 688-6946 | steve.northup@troutmansanders.com |
| E-mail: gerald_king@fd.org | |

Jeffrey Lyn Ertel                      Frederick R. Gerson
Ga. Bar No. 249966                     VSB #39968
Federal Defender Program, Inc.         Durrette, Arkema, Gerson & Gill PC
101 Marietta Street, Suite 1500        Bank Of America Center
Atlanta, Georgia 30303                 1111 East Main Street, 16th Floor
404-688-7530                           Richmond, VA 23219
(fax) 404-688-0768                     fgerson@dagglaw.com
Jeff_Ertel@fd.org

Counsel for Richard Tipton, III.

## <u>CERTIFICATE OF COMPLIANCE</u>

1.     This brief complies with type-volume limits because, excluding the parts of the document exempted by Fed. R. App. P. 32(f) (cover page, disclosure statement, table of contents, table of citations, statement regarding oral argument, signature block, certificates of counsel, addendum, attachments):

[ X ] this brief contains [*10,973*] words.

[    ] this brief uses a monospaced type and contains [*state the number of*] lines of text.

2.     This brief complies with the typeface and type style requirements because:

[ X ] this brief has been prepared in a proportionally spaced typeface using [*Microsoft Word 2016*] in [*14pt Book Antiqua*]; *or*

[    ] this brief has been prepared in a monospaced typeface using [*state name and version of word processing program*] with [*state number of characters per inch and name of type style*].

Dated:  <u>January 6, 2021</u>                <u>/s/ Gerald W. King, Jr.</u>
                                                                  *Counsel for Appellant*

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on this 6th day of January, 2021, I caused this

Brief of Appellant and Joint Appendix to be filed electronically with the

Clerk of the Court using the CM/ECF System, which will send notice of

such filing to the following registered CM/ECF users:

Joseph Attias
Richard Cooke
U.S. Attorney's Office
919 East Main Street, Suite 1900
Richmond, Virginia 23219
(804) 819-5471

*Counsel for Appellee*

I further certify that on this 6th day of January, 2021, I caused the

required copy of the Sealed Volume of the Joint Appendix to be served, via

UPS Ground Transportation, upon counsel for the Appellee, at the above

address.

/s/ Gerald W. King, Jr.
*Counsel for Appellant*