IN THE UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Appellee, | ) | |
| | ) | |
| v. | ) | No. 20-16 |
| | ) | |
| RICHARD TIPTON, | ) | |
| | ) | |
| Defendant- Appellant. | ) | |

**United States' Response Opposing
Defendant's Motion to Hold in Abeyance**

Defendant Richard Tipton seeks to have his appeal under § 404 of the First Step Act held in abeyance for this Court's ruling in *United States v. Thomas*, No. 20-6234—an appeal in which briefing has yet to begin and in which the parties are still collecting relevant materials from archives. By contrast, Tipton's appeal awaits only the filing of a reply brief, which is due today. Moreover, Tipton's appeal addresses a legal question that this Court recently considered in denying rehearing en banc and that the United States Supreme Court decided in the government's favor by a 7-2 vote in the context of stay litigation. In addition, as noted below, *Thomas* should not be deemed controlling in Tipton's appeal. But even if a decision in *Thomas* were thought to be dispositive in this appeal, and if this Court were to

conclude that one appeal should be held for another, it is *Thomas* that should be held for this appeal. The United States respectfully opposes Tipton's request.

In his opening brief on appeal, Tipton contends that his convictions under 21 U.S.C. § 848(e)(1)(A)—which required proof of a murder and under which he received death sentences—are covered offenses under § 404 of the First Step Act. But looking only at the records available at this stage in *Thomas* demonstrates that it does not involve murder convictions under § 848(e)(1)(A), much less a death sentence, and as explained more fully in the United States' response brief, these distinctions matter.

First, even if *Thomas* were to conclude that a conviction under 21 U.S.C. § 848(a) and (c) is a covered offense—and such offenses are not covered offenses in the government's view—that ruling would not suffice to establish that § 848(e)(1)(A) is a covered offense.

This Court has previously held that § 848(e) is a separate substantive offense, not just a penalty enhancement. *United States v. NJB*, 104 F.3d 630, 633 (4th Cir. 1997). Indeed, under § 848(e)(1)(A) itself, there are three distinct crimes. *United States v. Hager*, 721 F.3d 167, 179–80 (4th Cir. 2013). Under the First Step Act, a "covered offense" is "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010, that was committed before August 3, 2010." *Id*. § 404(a), 132 Stat. at 5222. But the Fair

Sentencing Act did not modify the statutory penalties for a violation of § 848(e)(1)(A) at all, as explained in the government's response brief. The elements of § 848(e)(1)(A) remain unchanged, and the statutory penalties that follow once the elements are proven remain unchanged. Section 848(e)(1)(A) simply is not a covered offense. *See, e.g.*, *United States v. Snow*, 967 F.3d 563 (4th Cir. 2020).

Second, Tipton received a death sentence, and the text of § 404 cannot plausibly be read as permitting a court to override a jury's determination of whether to impose a death sentence and must be read together with other statutory provisions that require a jury's determination on the death sentence to control.

Third, Tipton's case mirrors that of his codefendant, Corey Johnson. Johnson unsuccessfully sought a stay of his execution on the ground that § 848(e)(1)(A) is a covered offense under § 404 of the First Step Act. The United States opposed his stay on that ground, and others, and also argued that, even if § 848(e)(1)(A) were a covered offense, the district court made plain that it would deny a sentence reduction in its discretion. This Court denied Johnson a stay of his execution, *United States v. Johnson*, — F. App'x —, 2021 WL 118854 (4th Cir. Jan. 12, 2021), and denied his petition for rehearing en banc, *United States v. Johnson*, — F. App'x —, 2021 WL 130653 (4th Cir. Jan. 14, 2021). The Supreme Court then denied a stay of execution by a 7-2 vote. *See Johnson v. United States*, No. 20A130, 2021 WL 129876 (U.S. Jan. 14, 2021).

3

Even if § 848(e)(1)(A) were determined to be a covered offense, the district court would not have abused its discretion in denying relief. Both Johnson and Tipton, as the district court succinctly put it, are serial killers. The district court acted well within its discretion in denying relief to both defendants. Courts should not "frustrate the evenhanded administration of justice by giving litigants an outcome other than the one the Supreme Court would be likely to reach were the case heard there." *In re McDonald*, 205 F.3d 606, 613 (3d Cir. 2000) (quoting *United States v. Bloom*, 149 F.3d 649, 653 (7th Cir. 1998)). Because there is no reason to treat this case any differently than Johnson's, this Court should decline to hold this appeal in abeyance for *Thomas*.

<div style="margin-left:40%">

Respectfully submitted,

Raj Parekh
Acting United States Attorney

By: _____ /s/ _____
Richard D. Cooke
Joseph Attias
Assistant United States Attorneys
U.S. Attorney's Office
Eastern District of Virginia
919 East Main Street, Suite 1900
Richmond, Virginia 23219
(804) 819-5400

</div>

4

## Certificate of Service

I certify that on March 1, 2021, I filed electronically the foregoing response with the Clerk of the Court using the CM/ECF system, which will send notice of the filing to all counsel of record.

By:  _____/s/_____

Joseph Attias
Assistant United States Attorney

5