

U.S. Department of Justice
**United States Attorney's Office**
Eastern District of Virginia

---

Raj Parekh
Acting United States Attorney

2100 Jamieson Avenue
Alexandria, Virginia 22314

(703) 299-3700
(703) 299-3980 (fax)

May 21, 2021

Patricia S. Connor, Clerk
United States Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 501
Richmond, Virginia 23219-3517

**Re:**   ***United States v. Tipton*, No. 20-16**
**Letter under Fed. R. App. P. 28(j)**

Dear Ms. Connor:

In *United States v. Fletcher*, — F.3d —, 2021 WL 1823277 (2d Cir. May 7, 2021), the Second Circuit held that 21 U.S.C. § 848(e)(1)(A) is not a "covered offense" under § 404(b) of the First Step Act, agreeing with *United States v. Snow*, 967 F.3d 563 (6th Cir. 2020).

First, *Fletcher* explains that § 848(e)(1)(A) is a "standalone" offense "that is distinct from the underlying drug crime." *Id*. at *2. "[A] defendant need not even be convicted of the separate drug offense punishable under § 841(b)(1)(A) (much less sentenced for it) in order to be convicted of drug-related murder in violation of § 848(e)(1)(A)." *Id*. "All the Government need prove," the court continued, "is that the defendant was 'engaged' in the underlying drug offense at the time of the murder." *Id*.

Second, "Sections 2 and 3 of the Fair Sentencing Act make no mention of § 848(e)(1)(A), and they did not alter the statutory penalty range of 20 years to life in prison (or death) for drug-related murder. Section 848(e)(1)(A) itself, which remains unchanged, independently establishes that penalty range." *Id*.

Third, the "Fair Sentencing Act did not 'expressly extinguish any criminal liability under § 848(e)(1)(A).'" *Id.* (quoting *United States v. Guerrero*, 813 F.3d 462, 466 (2d Cir. 2016)).

Like this Court, the Second Circuit has read § 404(a) so that it focuses not on "the statutory penalties for a particular '*violation* of a Federal criminal statute'" but instead on "the 'Federal criminal statute' itself." *United States v. Young*, — F.3d —, 2021 WL 1997203, at *8 n.3 (2d Cir. May 19, 2021). After the Supreme Court by a 7-2 vote declined to stay Tipton's codefendant's execution because of § 404, *Johnson v. United States*, 141 S. Ct. 1233 (2021), one dissenter later explained that focusing on the "violation" would weaken defendant's claim. *United States v. Higgs*, 141 S. Ct. 645, 650 n.2 (2021) (Sotomayor, J., dissenting). The Supreme Court's pending ruling in *Terry v. United States*, no. 20-5904, should resolve that question. 141 S. Ct. at 650–51. But as *Fletcher* and *Snow* show, *Terry* could only further undermine defendant's claim.

Respectfully,

Raj Parekh
Acting United States Attorney

By:            /s/

Richard D. Cooke
Joseph Attias
Assistant United States Attorneys
919 East Main Street, Suite 1900
Richmond, Virginia 23219
(804) 819-5400