**RECORD NO. 20-16**

In The
# United States Court of Appeals
For The Fourth Circuit

## UNITED STATES OF AMERICA,

*Plaintiff – Appellee*,

v.

## RICHARD TIPTON, a/k/a Whittey,

*Defendant – Appellant*.

## CAPITAL CASE

## ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA AT RICHMOND

---

## REPLY BRIEF OF APPELLANT

---

**John G. Baker**
**Gerald W. King, Jr.**
**FEDERAL PUBLIC DEFENDER**
  **WESTERN DISTRICT OF NORTH CAROLINA**
**129 West Trade Street, Suite 300**
**Charlotte, North Carolina  28202**
**(704) 374-0720**

**Jeffrey Lyn Ertel**
**FEDERAL DEFENDER PROGRAM, INC.**
**101 Marietta Street, Suite 1500**
**Atlanta, Georgia  30303**
**(404) 688-7530**

**Stephen Northup**
**TROUTMAN SANDERS LLP**
**Post Office Box 1122**
**Richmond, Virginia  23218**
**(804) 697-1240**

**Frederick R. Gerson**
**DURRETTE, ARKEMA,**
  **GERSON & GILL PC**
**1111 East Main Street, 16th Floor**
**Richmond, Virginia  23219**
**(804) 775-6900**

*Counsel for Appellant – Richard Tipton, III.*

---

**THE LEX GROUP** ♦ 1108 East Main Street ♦ Suite 1400 ♦ Richmond, VA  23219
(804) 644-4419 ♦ (800) 856-4419 ♦ Fax: (804) 644-3660 ♦ www.thelexgroup.com

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES.................................................................................. iii

INTRODUCTION .................................................................................................1

ARGUMENT.........................................................................................................4

    I.     Mr. Tipton's 848(e)(1)(A) conviction is a covered offense ...........4

          A.    *Thomas* establishes that § 848(e) is a "covered offense." ...................................................................................5

          B.    The Government's reliance on *Fletcher* and *Snow* is unavailing..................................................................................6

    II.    The Government's flawed reliance on a modified categorical approach ........................................................................10

          A.    Section 848(e)(1)(A) is not divisible....................................11

          B.    Even if § 848(e) were divisible, the law of the case establishes that Mr. Tipton's CCE convictions were predicated on § 841(b)(1)(A) violations .............................15

    III.    Allowing Mr. Tipton's death sentences to stand would be an abuse of discretion .................................................................16

    IV.    The execution of Corey Johnson is not a basis to deny relief ...................................................................................................18

i

CONCLUSION .................................................................................................19

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Mathis v. United States,*
   579 U.S. 500 (2016) ................................................................11, 13, 14

*Michigan v. U.S. Army Corps of Engineers,*
   667 F.3d 765 (7th Cir. 2011)................................................................19

*Najera-Rodriguez v. Barr,*
   926 F.3d 343 (7th Cir. 2019)................................................................13

*Richardson v. United States,*
   526 U.S. 813 (1999) .............................................................................11

*Short v. Martinez,*
   No. CV 19-01985-DSF (JDE),
   2019 WL 2552782 (C.D. Cal. May 21, 2019) .........................................11

*Terry v. United States,*
   141 S. Ct. 1858 (2021) ........................................................................1, 5

*United States v. Aguilar,*
   2009 WL 5833524 (2d Cir., filed June 2, 2009) ........................................13

*United States v. Aramony,*
   166 F.3d 655 (4th Cir 1999).................................................................15

*United States v. Boffman,*
   2019 WL 448356 (2d Cir., filed Feb. 1, 2019).............................................13

*United States v. Canady,*
   126 F.3d 352 (2d Cir. 1997)................................................................13

iii

*United States v. Cantu*,
   964 F.3d 924 (10th Cir. 2020)...............................................................11

*United States v. Collington*,
   995 F.3d 347 (4th Cir. 2021)..........................................................3, 16, 19

*United States v. Degeare*,
   884 F.3d 1241 (10th Cir. 2018)........................................................11, 14

*United States v. Descamps*,
   570 U.S. 254 (2013) ..............................................................................10

*United States v. Fletcher*,
   997 F.3d 95 (2d Cir. 2021).................................................................6, 7, 8

*United States v. Guerrero*,
   813 F.3d 462 (2d Cir. 2016)...................................................................8, 9

*United States v. Hager*,
   2012 WL 6677900 (4th Cir., filed Dec. 24, 2012)....................................13

*United States v. Johnson*,
   495 F.3d 951 (8th Cir. 2007)..................................................................12

*United States v. Johnson*,
   833 F. App'x 522 (4th Cir. 2021).............................................................18

*United States v. McKibbon*,
   878 F.3d 967 (10th Cir. 2017).................................................................14

*United States v. Moore*,
   149 F.3d 773 (8th Cir. 1998)..................................................................12

*United States v. Snow*,
   967 F.3d 563 (6th Cir. 2020)...............................................................6, 7, 8

*United States v. Stitt*,

iv

552 F.3d 345 (4th Cir. 2008)..................................................................17

*University of Texas v. Camenisch*,
    451 U.S. 390 (1981) ..........................................................................19

*United States v. Thomas*,
    32 F.4th 420 (4th Cir. 2022) ......................................................*passim*

*United States v. Woodson*,
    962 F.3d 812 (4th Cir. 2020)................................................................1

## STATUTES

21 U.S.C. § 841(b)(1)(A) .......................................................................*passim*

21 U.S.C. § 841(b)(1)(A)(iii) .........................................................................5

21 U.S.C. § 841(b)(1)(B) ..............................................................5, 6, 8, 16

21 U.S.C. § 841(b)(1)(B)(iii)...........................................................................4

21 U.S.C. § 848..............................................................................................1, 4

21 U.S.C. § 848(b)...................................................................................5, 6, 9

21 U.S.C. § 848(b)(2)(A) ..........................................................................4, 5

21 U.S.C. § 848(e) ...............................................................................*passim*

21 U.S.C. § 848(e)(1)(A)......................................................................*passim*

28 U.S.C. § 2255..........................................................................................17

## RULE

Fed. R. Crim. P. 7(c)(1)..............................................................................12

## INTRODUCTION

Since Mr. Tipton initiated this appeal, this Court issued new authority establishing that his Continuing Criminal Enterprise (CCE) convictions under 21 U.S.C. § 848(e) are covered offenses under the First Step Act, and that his sentences of death exceed what those convictions now authorize. Most notable is this Court's decision in *United States v. Thomas*, 32 F.4th 420 (4th Cir. 2022), for which Mr. Tipton's appeal was held in abeyance. *Thomas* applied the Supreme Court's decision in *Terry v. United States*, 141 S. Ct. 1858 (2021), which held that whether a conviction is a "covered offense" under the First Step Act turns on whether the Fair Sentencing Act modified "the statutory penalties for *petitioner's offense*, not the statute or statutory scheme" as a whole.[1] *Id.* at 1863 (emphasis added). The *Thomas* court acknowledged that *Terry* required it to parse § 848 to determine which subparts qualified as "covered offenses" and, in so doing,

---

[1] *Thomas* recognized that the approach taken in *United States v. Woodson*, 962 F.3d 812 (4th Cir. 2020), for determining whether a conviction is a "covered offense" was incompatible with *Terry*'s focus "on the statutory penalties for petitioner's offense, not the statute or statutory scheme," which means the "statute of violation" for purposes of the FSA cannot be 21 U.S.C. § 848 as a whole. Mr. Tipton no longer advances the *Woodson* argument in his initial brief and agrees that the relevant "statute of violation" is § 848(e)(1)(A).

1

arrived at a conclusion that is dispositive here: that § 848(e), which underlies Mr. Tipton's CCE convictions, is a "covered offense" because it incorporates predicates whose penalties were modified by the Fair Sentencing Act. *Thomas*, 32 F.4th at 427-29 (emphasis added). This reasoning corroborates Mr. Tipton's argument in his initial brief: that if § 848(e)(1)(A) is treated as his relevant "statute of violation," it qualifies as a "covered offense" because its predicate offenses include § 841(b)(1)(A), which was expressly modified by Section 2 of the Fair Sentencing Act. Doc. 14 at 32-42.

The Government's Response attempts to evade this straightforward categorical analysis by splitting § 848(e)(1)(A) into *two* separate crimes— CCE murder and drug conspiracy murder—and arguing that only the latter requires proof of a § 841(b)(1)(A) violation. Doc. 38 at 31-34. From that premise, the Government points to the indictment, jury instructions, and verdict form to claim that Mr. Tipton was convicted of CCE murders only and therefore falls outside of the ambit of the First Step Act because his offenses do not involve a § 841(b)(1)(A) predicate. *Id.*

But the Government's unacknowledged use of the modified categorical approach—which looks beyond the statute itself to determine

2

under which "prong" Mr. Tipton was convicted—is impermissible unless the Government can conclusively establish that § 848(e)(1)(A) is divisible. It cannot. As numerous courts have held, § 848(e)(1)(A) does not describe different crimes with different elements; rather, it is a *single crime* that can be accomplished by *alternate means*.

Even if the modified categorical approach were appropriate, and it is not, its use runs the Government headlong into another problem. It is the law of the case here that, per the indictment, Mr. Tipton's § 848(e) convictions were predicated on either a conspiracy to violate § 841(b)(1)(A) under Count One, or on a series of § 841(b)(1)(A) violations under Count Two. Thus his CCE convictions under § 848(e)(1)(A) are, in fact, "covered offenses."

Finally, Mr. Tipton notes this Court's decision in *United States v. Collington*, 995 F.3d 347 (4th Cir. 2021), also issued during the abeyance, and which is also dispositive here. *Collington* announced that a court reviewing a sentence pursuant to the First Step Act does *not* have the discretion to retain a sentence that exceeds the retroactive statutory maximum set by the Fair Sentencing Act. *Collington*, 995 F.3d at 356-58. This bright-line constraint on a court's overall sentencing authority has

3

important consequences for Mr. Tipton's case. If sentenced today, his offense conduct would be subject to the sentencing range set forth in § 841(b)(1)(B) — that is, imprisonment of five to forty years. As his § 848(e) convictions are "covered offenses," it would be a clear abuse of discretion for the district court to retain his death sentences.[2]

## ARGUMENT

### I.    Mr. Tipton's 848(e)(1)(A) conviction is a covered offense

Mr. Tipton was convicted of CCEs in violation of 21 U.S.C. § 848. While multiple penalties are available under 21 U.S.C. §§ 848, subsections (b)(2)(A) and (e)(1)(A) are the provisions that directly trigger the relief available under the First Step Act.

Subsection (b)(2)(A) mandates life imprisonment if the conviction involved at least 300 times the quantity of a substance described in § 841(b)(1)(B). *See* 21 U.S.C. § 848(b)(2)(A). And, as Section 2 of the Fair Sentencing Act increased § 841(b)(1)(B)(iii)'s threshold amount of crack for a mandatory minimum sentence from 5 grams to 28, it thus altered the

---

[2] As noted below, even if this Court were to conclude that the applicable sentencing range remains life-without-parole to death, the determination whether to exercise discretion to modify Mr. Tipton's sentence would have to be made by a jury, and by not the district court.

4

statutory penalties for Section 841(b)(1)(B). Section 848(b)(2)(A) is accordingly a "covered offense" under the First Step Act.

The same reasoning applies to § 848(e)(1)(A). That subsection authorizes the death penalty for individuals involved in an intentional killing while also committing an offense punishable under § 841(b)(1)(A). As Section 2 of the Fair Sentencing Act increased 21 U.S.C. § 841(b)(1)(A)(iii)'s threshold quantity of crack cocaine for the 10-year mandatory minimum sentence from 50 grams to 280 grams, it altered the statutory penalty for § 848 (e)(1)(A), as well. Thus, section 848(e)(1)(A) is a "covered offense" under the First Step Act.

Stated differently: These types of penalties for CCE directly reference the charged drug quantities proscribed by the Fair Sentencing Act. Accordingly, per *Terry*, those sentenced under Sections (b)(2)(A) and (e)(1)(A) are eligible for a modified sentence under the First Step Act.

### A.    *Thomas* establishes that § 848(e) is a "covered offense."

This Court adopted the above reasoning in *Thomas*. There, the defendant was charged with possession of 1.5 kilograms of cocaine, which made him eligible for a mandatory life sentence under § 848(b). Although the defendant was not convicted and sentenced pursuant to that section,

5

this Court deemed "correct" that, if the defendant were sentenced today, that drug weight would be insufficient for him to receive the mandatory life sentence enhancement. As this Court further explained, "since the Act altered the drug quantities required to trigger the penalties for §§ 841(b)(1)(A) or 841(b)(1)(B), it also modified the drug quantities required to a sustain a conviction under § 848(b)." *Thomas*, 32 F.4th at 428-29. The same is true of § 848(e); hence the Court's statement that "the Act modified the statutory penalties applicable to §§ 848(b) and (e)." *Id.* at 429.

Indeed, *Thomas* not only takes as a given that the Fair Sentencing Act "modified the statutory penalties applicable to §§ 848(b) and (e); it expressly notes that its petitioner could not obtain relief *because* he "was not subject to the mandatory life term of § 848(b) *or the death penalty as provided for in § 848(e),*" but, rather, "of an offense whose penalties were [not] altered by the Act." *Thomas*, 32 F.4th at 429.

**B.    The Government's reliance on *Fletcher* and *Snow* is unavailing.**

The Government places inordinate, misplaced weight on the Second Circuit's decision in *United States v. Fletcher*, 997 F.3d 95 (2d Cir. 2021). Doc. 38 at 4-6, 23-24, 32-37. *Thomas* acknowledged and implicitly rejected

6

*Fletcher*, observing in a footnote that a "sister circuit" had held "that § 848(e) is not a covered offense" even as this Court held to the contrary. *See Thomas*, 32 F.4th at 429, n.8. At most, *Fletcher* establishes a circuit split on this point; it does not undermine this Court's reasoning in *Thomas*.

Moreover, *Fletcher* commits the same analytical mistake as the other case upon which the Government heavily relies, *United States v. Snow*, 967 F.3d 563 (6th Cir. 2020). Doc. 38 at 6, 19, 23-24, 32-37. Both cases conclude that § 848(e) cannot be a "covered offense" because application of the First Step Act to that section would result not in re-sentencing but in vacatur of the § 848(e) conviction, as the necessary predicate—§ 841(b)(1)(A)—could no longer be found. *Fletcher*, 997 F.3d at 97, n.2 (citing *Snow*). But this logic both misconstrues the operation of the First Step Act and contravenes its purpose.

The following example illustrates the absurdities that would result. Imagine a defendant seeking sentencing relief under the First Step Act for a § 841(b)(1)(A) violation in which he had been charged with possessing 50 grams or less of crack. This is indisputably a "covered offense." But *Fletcher* and *Snow* would preclude relief under the First Step Act because any quantity of crack less than 280 grams could no longer sustain a conviction

7

under § 841(b)(1)(A). Thus, per *Fletcher* and *Snow*, the effect of the Fair Sentencing Act would be to "eliminate criminal liability altogether" for the charged crime, *Fletcher*, 997 F.3d at 97, n.2, and the defendant's motion must be construed and dismissed as an improper collateral attack on the underlying conviction.

*Fletcher* tries to sidestep these implications by noting—correctly--that when a court grants First Step Act relief, it is not *vacating* the § 841(b)(1)(A) conviction "and enter[ing] an amended judgment for a violation of § 841(b)(1)(B) instead" because the First Step Act "does not call into question the nature or validity of *any convictions.*" *Id.* at 98 & n.3. Rather, the Act simply authorizes the court to apply the Fair Sentencing Act's reduced penalty range to the relevant conduct—in that case, possession of 50 grams or less of crack—and modify the sentence accordingly.[3]

---

[3] The Government's reliance upon *United States v. Guerrero*, 813 F.3d 462 (2d Cir. 2016), fails for similar reasons. Doc. 38 at 35-36. *Guerrero* does not address whether § 848(e)(1)(a) is a "covered offense" under the First Step Act. Rather, it adjudicated an entirely different issue: Whether the Fair Sentencing Act "*compels vacatur of [the defendant's] conviction.*" *Id.* at 465 (emphasis added). The defendant there was convicted prior to the enactment of the Fair Sentencing Act, but sentenced after it took effect. *Guerrero*, 813 F.3d at 464–65. After the Supreme Court held that the Fair Sentencing Act applied retroactively to individuals in the defendant's procedural posture, he argued that it "retroactively invalidate[d]" his § 848(e) conviction

8

The same is true here. If granted, Mr. Tipton's First Step Act motion would not vacate his § 848(e) conviction. It would simply subject him to the penalty range now applicable in light of the underlying drug conduct, which involved 50 grams or less of crack—a quantity that authorizes his imprisonment for five to forty years, per the penalty range set out in § 841(b)(1)(B).

This analysis follows the Court's reasoning in *Thomas*, which noted that if the defendant had previously received a mandatory life sentence pursuant to § 848(b), he "would be eligible for resentencing under the Act" using the revised drug weight because the "Government could no longer rely on a drug weight of 1.5 kilograms of cocaine to pursue a life *sentence*."

---

because, under the revised drug weights, the Government "failed to establish an element of the charged murder offense[.]" *Id*. at 465-66. As the Second Circuit, this argument "misunderstands" the Fair Sentencing Act, which does not "extinguish" criminal liability; rather, it permits eligible defendants "to be sentenced under [its] more lenient sentencing regime." *Id*. at 465-666. Notably, nothing in the holding of *Guerrero* suggests relief would have been precluded had the defendant properly sought a reduction in sentence rather than vacatur of his conviction.

Here, Mr. Tipton does not claim that the Fair Sentencing Act requires the vacatur of his convictions under § 848(e)(1)(A)—only that it allows a reduced sentence for those offenses "under [its] more lenient sentencing regime." *Id*. at 466. Thus, *Guerrero* is inapposite.

9

*Thomas*, 32 F.4th at 429 & n.9 (emphasis added). The same is true in Mr. Tipton's case: he is eligible for a modified sentence under the Act using the revised drug weight because the Government can no longer rely on a drug weight of 50 grams of crack to pursue a death sentence under § 848(e).

## II.    The Government's flawed reliance on a modified categorical approach.

The Government argues that § 848(e)(1)(A) is divisible into two separate crimes: (1) CCE murder and (2) drug conspiracy murder. According to the Government, an offense under the first of § 848(e)(1)(A)'s "prongs" cannot be considered a "covered offense" because it does not require proof of a particular quantity of crack under § 841(b)(1)(A). The Government then applies a modified categorical approach, although it does not acknowledge doing so, and directs this Court to the indictment, jury instructions, and verdict form to argue that Mr. Tipton was convicted under the first "prong," CCE murder, and not drug conspiracy murder, the second. *See* Doc. 38 at 33-34.

But the Government's employment of a modified categorical approach under these circumstances is inapposite. As the Supreme Court established in *United States v. Descamps*, 570 U.S. 254, 264 (2013), the

10

modified categorical approach has "no role to play" if a statute is indivisible. *See also Mathis v. United States*, 579 U.S. 500 (2016) (same; setting out various factors for conducting divisibility inquiry). It is the Government's burden to *prove* that a statute is divisible, and unless it can do so "with certainty," the court must eschew the modified categorical approach. *See United States v. Cantu*, 964 F.3d 924, 929 (10th Cir. 2020); *United States v. Degeare*, 884 F.3d 1241, 1248 (10th Cir. 2018).

### A.    § 848(e)(1)(A) is not divisible.

Courts have rejected the notion that § 848(e)(1)(A) comprises two different crimes with different elements; rather, it is *a single offense* that can be committed by *alternative means*. *See, e.g., Short v. Martinez*, No. CV 19-01985-DSF (JDE), 2019 WL 2552782, at *4-5 (C.D. Cal. May 21, 2019) (holding that the CCE prong and drug conspiracy prong constitute "alternative means" of committing the § 848(e)(1)(A) offense and collecting cases).[4]

---

[4] The Government relies on *Richardson v. United States*, 526 U.S. 813 (1999), for the proposition that since the jury must be unanimous about the series of violations needed to prove a CCE, it must also be unanimous as to whether the CCE prong or drug conspiracy prong of § 848(e)(1)(A) was violated. Doc. 38 at 32-33. *Richardson* holds no such thing. Nor has the

The decision in *United States v. Moore*, 149 F.3d 773, 779 (8th Cir. 1998), is instructive here. The defendant in *Moore* was separately charged for a single murder under both the CCE and drug conspiracy prongs of § 848(e)(1)(A) and contended that these two counts were multiplicitous—i.e., that he was unlawfully charged for a single offense in two separate counts. The circuit court held that the error in this instance was harmless because "the district court submitted the two counts together on a single verdict form and instructed the jurors that if they found [the] defendant guilty of murder in furtherance of a CCE, they need not consider the charge of murder while engaged in a marijuana distribution conspiracy." *Moore*, 149 F.3d at 779 (emphasis added). The Circuit held that this measure "eliminated the risk of multiplicitous conviction or punishment, an appropriate remedy for multiplicity" because "*as submitted, the murder charge was no different than if the government had alleged alternative means to commit the offense in a single count*, which Fed. R. Crim. P. 7(c)(1) expressly permits." *Id.* (emphasis added).

---

Government cited any authority that has given *Richardson* such an expansive interpretation.

12

Similarly, in the federal capital case of *United States v. Johnson*, 495 F.3d 951, 980 (8th Cir. 2007), the defendant argued that her convictions under § 848(e)(1)(A) for the CCE murders and drug conspiracy murders were mutliplicitous. There, however, the Government did "not contest the multiplicitous nature of the charges."[5] 495 F.3d at 981. Consequently, the court remanded the case "so the district court may vacate the [drug] conspiracy murder conviction." *Id.*

Per the factors identified by the Supreme Court in *Mathis, supra*, the fact that treating § 848(e)(1)(A) as two separate crimes would give rise to such multiplicity challenges weighs heavily in finding that it is not divisible. *See Najera-Rodriguez v. Barr*, 926 F.3d 343, 349 (7th Cir. 2019)

---

[5] In its briefing in other matters, moreover, the Government has frequently characterized § 848(e)(1)(A) as a single offense that can be committed by alternate means. *See, e.g., United States v. Aguilar*, 2009 WL 5833524 (Brief and Appendix for the United States) (2d Cir., filed June 2, 2009) ("There are thus three ways to violate Section 848(e)(1)(A): killing while 'engaging in' a continuing criminal enterprise (or 'CCE'); killing while 'working in furtherance of' a CCE; and killing while 'engaging in' a specified large-scale narcotics offense. *See United States v. Canady*, 126 F.3d 352, 357 n.2 (2d Cir. 1997) (disjunctive statutory language generally satisfied by proof of any prong)[.]"); *United States v. Hager*, 2012 WL 6677900, at *78-*82 (Brief of the United States) (4th Cir., filed Dec. 24, 2012); *United States v. Boffman*, 2019 WL 448356, at *24 (Brief for Appellee United States) (2d Cir., filed Feb. 1, 2019).

(noting relevance of multiplicity consideration in *Mathis* analysis). And this is not the only *Mathis* factor that establishes that § 848(e)(1)(A) is indivisible.

For example, *Mathis* also directed courts to consider whether a statute provides different punishments for the different ways it lists to violate its proscription. *See United States v. Degeare*, 884 F.3d 1242, 1253 (10th Cir. 2018) (citing *Mathis*, 135 S. Ct. at 2556). Here, § 848(e)(1)(A) provides for the same penalties regardless of whether it is violated by way of the CCE prong or the drug conspiracy prong—strong evidence that its prongs are alternative ways to commit a single offense, and not separate elements that establish separate crimes.

Another relevant factor for indivisibility is whether the statute bundles the alternative terms within a single sentence. *See United States v. McKibbon*, 878 F.3d 967, 975 (10th Cir. 2017). And § 848(e)(1)(a) is a "one sentence proscription" that joins a number of acts as a disjunctive series. *Id.* This fact—especially as, again, the sentence for violating the statute is in no way dependent upon the particular enumerated acts—demonstrates the statute's indivisibility.

14

**B.    Even if § 848(e)(1)(A) were divisible, the law of the case establishes that Mr. Tipton's CCE convictions were predicated on § 841(b)(1)(A) violations.**

But even if § 848(e)(1)(A) were divisible, the Government would not prevail under the modified categorical approach. As Mr. Tipton detailed in his initial brief to this Court, Doc. 14 at 40-42, this Court *has already determined* on direct appeal that Mr. Tipton's § 848(e)(1)(a) convictions were predicated on violations of § 841(b)(1)(A). Accordingly, Mr. Tipton's § 848(e)(1)(A) convictions necessarily rest upon violations of § 841(b)(1)(A) – either the conspiracy to violate § 841(b)(1)(A) detailed in Count One, or the series of § 841(b)(1)(A) violations detailed in Count Two.

The Government does not dispute that, under the law of the case doctrine, Mr. Tipton's § 848(e) convictions were predicated on violations of § 841(b)(1)(A). Nor does it argue there is a basis to depart from the law of the case here.[6] Thus, even under a modified categorical approach, the conclusion is inescapable: Mr. Tipton's § 848(e)(1)(A) convictions rest on

---

[6] None of the limited exceptions to the law of case doctrine apply here. *See United States v. Aramony*, 166 F.3d 655, 660-61 (4th Cir 1999) (exceptions limited to: (1) subsequent trial or hearing that produced substantially different evidence, (2) controlling authority that subsequently made a contrary decision of law applicable, and (3) prior decision was erroneous and would work a manifest injustice).

proof of violations of § 841(b)(1)(A) and are covered offenses under the First Step Act.

### III.    Allowing Mr. Tipton's death sentences to stand would be an abuse of discretion.

The Government notes that even if a conviction is a "covered offense" under the First Step Act, the Act does not require that a defendant be resentenced; that is a matter left to the discretion of the district court. Doc. 38 at 43-50. While generally true, the Government's argument does not account for this Court's intervening decision in *Collington*, *supra*, which held that a district court's overall sentencing authority under the FSA is constrained by the retroactively applicable statutory maximums. 995 F.3d at 356-58. As this Court noted, a district court does *not* have the discretion to retain a sentence above the retroactive statutory maximum; doing so would be tantamount to "letting stand a sentence that was made illegal under the Fair Sentencing Act" and would thus constitute an abuse of discretion. *Id.* at 357.

If sentenced today for a drug weight of 50 grams of crack, Mr. Tipton would be subject to the sentencing range set forth in § 841(b)(1)(B): 5 to 40 years' imprisonment. Under *Collington*, retaining a sentence above that

statutory maximum would be an abuse of discretion. Thus, if Mr. Tipton's § 848(e) convictions are deemed "covered offenses," his death sentences must be vacated.

Even if this Court were to conclude that Mr. Tipton's applicable sentencing range should be life-without-parole to death, the decision as to whether to retain the death sentence or exercise discretion to sentence Mr. Tipton to life without parole must be made by a jury and not the district court. Doc. 14 at 44-47. The Government acknowledges that capital sentencing is ordinarily conducted by a jury but insists that such a procedure is impermissible here because the text of the First Step Act only allows for resentencing by a district court. This argument is foreclosed by *United States v. Stitt*, 552 F.3d 345, 354-55 (4th Cir. 2008). In *Stitt*, the text of the relevant statute, 28 U.S.C. § 2255, similarly provided for "the court" to provide sentencing relief if a violation is found, and nothing about the structure or legislative history of § 2255 expressly contemplated its application to capital cases. But this Court still held that it was error for the district court to fail to convene a new sentencing jury where a new sentencing was required under § 2255.

17

## IV.    The execution of Corey Johnson is not a basis to deny relief.

The Government finally argues that it would "frustrate the evenhanded administration of justice" to allow Mr. Tipton to prevail on his claim because this Court denied his co-defendant, Corey Johnson, a stay of execution to consider his First Step Act claim. Doc. 38 at 50-51.[7] This argument is untenable.

First, the merits of Mr. Johnson's First Step Act claim were never considered, much less adjudicated, by any court. Indeed, a stay of execution, like a preliminary injunction, is simply a way to maintain the status quo until the merits can be reached. Merely because one of the factors for a stay is the "likelihood of success on the merits" does not mean that an opinion denying the stay also determined the underlying merits. As the Supreme Court has held "[t]his reasoning fails…because it improperly equates 'likelihood of success' with 'success' and what is more important, because it ignores the significant procedural differences between

---

[7] A panel of this Court split over whether to stay Mr. Johnson's execution, and the full Court divided sharply—by a vote of 8-to-7—over whether to grant *en banc* review. *United States v. Johnson*, 833 F. App'x 522 (4th Cir. 2021).

18

preliminary and permanent injunctions." *University of Texas v. Camenisch*, 451 U.S. 390, 394 (1981).[8]

Second, Mr. Johnson's FSA motion did not raise the same arguments as here. Nor was the state of the law even the same; the panel that denied Mr. Johnson's stay had neither the benefit of *Thomas*, which recognized that § 848(e) is a "covered offense," nor *Collington*, which circumscribed a district court's discretion under the FSA to retain a sentence above the retroactive statutory maximum.

## CONCLUSION

For all the reasons set forth in his initial brief and above, Mr. Tipton respectfully asks this Court to recognize that his convictions under § 848(e)(1)(A) are "covered offenses" under the First Step Act and to reverse and remand for appropriate relief.

---

[8] Indeed, the findings of fact and conclusions of law made by a court at the preliminary-injunction stage "are not binding at trial on the merits." *Camenisch*, at 395. *See also Michigan v. U.S. Army Corps of Engineers*, 667 F.3d 765, 782 (7th Cir. 2011) ("The propriety of preliminary relief and resolution of the merits are of course significantly different issues.").

Respectfully submitted on this, the 14th day of July, 2022.

John G. Baker
Federal Public Defender for the
Western District of North Carolina

/s/ *Gerald W. King, Jr*
Gerald W. King, Jr.
Ga. Bar No. 140981
Chief, Fourth Circuit Capital
Habeas Unit
129 West Trade Street, Suite 300
Charlotte, NC 28202
Tel: (704) 374-0720
Direct: (704) 688-6946
E-mail: gerald_king@fd.org

Jeffrey Lyn Ertel
Ga. Bar No. 249966
Federal Defender Program, Inc.
101 Marietta Street, Suite 1500
Atlanta, Georgia 30303
404-688-7530
(fax) 404-688-0768
Jeff_Ertel@fd.org

Stephen Northup
VSB #16547
Troutman Pepper LLP
P.O. Box 1122
Richmond, Virginia 23218-1122
(804) 697-1240
(fax) (804) 698-5120
steve.northup@troutmanpepper.com

Frederick R. Gerson
VSB #39968
Durrette, Arkema, Gerson & Gill PC
Bank Of America Center
1111 East Main Street, 16th Floor
Richmond, VA 23219
fgerson@dagglaw.com

Counsel for Richard Tipton, III.

20

## CERTIFICATE OF COMPLIANCE

1.  This brief complies with type-volume limits because, excluding the parts of the document exempted by Fed. R. App. P. 32(f) (cover page, disclosure statement, table of contents, table of citations, statement regarding oral argument, signature block, certificates of counsel, addendum, attachments):

    [ X ] this brief contains [*4,101*] words.

    [   ] this brief uses a monospaced type and contains [*state the number of*] lines of text.

2.  This brief complies with the typeface and type style requirements because:

    [ X ] this brief has been prepared in a proportionally spaced typeface using [*Microsoft Word 2016*] in [*14pt Book Antiqua*]; *or*

    [   ] this brief has been prepared in a monospaced typeface using [*state name and version of word processing program*] with [*state number of characters per inch and name of type style*].


Dated:  <u>July 14, 2022</u>              <u>/s/ Gerald W. King, Jr.</u>
                                          *Counsel for Appellant*

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on this 14th day of July, 2022, I caused this Reply

Brief of Appellant to be filed electronically with the Clerk of the Court

using the CM/ECF System, which will send notice of such filing to the

following registered CM/ECF users:

Joseph Attias
Richard Cooke
U.S. Attorney's Office
919 East Main Street, Suite 1900
Richmond, Virginia 23219
(804) 819-5471

*Counsel for Appellee*

/s/ Gerald W. King, Jr.
*Counsel for Appellant*