---

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT**

---

No. 20-14

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JAMES H. ROANE, JR.,

Defendant-Appellant

---

No. 20-16

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

RICHARD TIPTON, III

Defendant-Appellant

---

CAPITAL CASE

---

**PETITION FOR PANEL HEARING OR REHEARING *EN BANC***

---

John G. Baker
Federal Public Defender for the Western
District of North Carolina

Gerald W. King, Jr.
Ga. Bar No. 140981
Chief, Capital Habeas Unit
for the Fourth Circuit
129 West Trade Street, Suite 300
Charlotte, NC 28202
Tel: (704) 374-0720
Direct: (704) 688-6946
E-mail: gerald_king@fd.org

Jeffrey Lyn Ertel
Ga. Bar No. 249966
Federal Defender Program, Inc.
101 Marietta Street, Suite 1500
Atlanta, Georgia 30303
404-688-7530
(fax) 404-688-0768
Jeff_Ertel@fd.org

Stephen Northup
VSB #16547
Troutman Pepper LLP
P.O. Box 1122
Richmond, Virginia 23218-1122
(804) 697-1240
(fax) (804) 698-5120
steve.northup@troutmanpepper.com

Frederick R. Gerson
VSB #39968
Durrette, Arkema, Gerson & Gill PC
Bank Of America Center
1111 East Main Street, 16th Floor
Richmond, VA 23219
fgerson@dagglaw.com

Counsel for Richard Tipton, III.

Joanne Heisey
Jules Welsh
Federal Community Defender Office for
the Eastern District of
 Pennsylvania
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
(215) 928-0520
Joanne_Heisey@fd.org
Jules_Welsh@fd.org
(215) 928-0520

Counsel for James H. Roane, Jr.

**TABLE OF CONTENTS**

STATEMENT OF THE ISSUES MERITING REHEARING OR
REHEARING EN BANC.................................................................................1

STATEMENT OF THE CASE..............................................................................3

ARGUMENT.........................................................................................................6

I.      The panel's analysis of Appellants' §848(e)(1)(A) convictions
        would exclude indisputably "covered offenses" from the First
        Step Act. ..............................................................................................6

II.     Section 848(e)(1)(A) is not divisible. ......................................................11

III.    The panel noted its concern with creating a circuit split but
        created an intra-circuit split instead. .....................................................15

IV.     This case presents a question of exceptional importance....................18

CONCLUSION ....................................................................................................20

i

# TABLE OF AUTHORITIES

**Federal Cases**

*Descamps v. United States*, 570 U.S. 254 (2013) ................................................. 12

*Dorsey v. United States*, 567 U.S. 260 (2012) ..................................................... 18

*Mathis v. United States*, 579 U.S. 500 (2016) ................................................ 12-14

*Najera-Rodriguez v. Barr*, 926 F.3d 343 (7th Cir. 2019) ..................................... 13

*Planned Parenthood S. Atl. v. Kerr*, 27 F.4th 945 (4th Cir. 2022) ...................... 15

*Short v. Martinez, No. CV 19-01985-DSF* (JDE), 2019 WL 2552782
(C.D. Cal. May 21, 2019) ...................................................................................... 13

*Taylor v. Grubbs*, 930 F.3d 611 (4th Cir. 2019) ................................................. 15

*United States v. Degeare*, 884 F.3d 1241 (10th Cir. 2018) ................................. 14

*United States v. Fletcher*, 997 F.3d 95 (2d Cir. 2021) .................................... 15-17

*United States v. Gravatt*, 953 F.3d 258 (4th Cir. 2020) ..................................... 1, 7

*United States v. Johnson*, 495 F.3d 951 (8th Cir. 2007) ..................................... 13

*United States v. McKibbon*, 878 F.3d 967 (10th Cir. 2017) ............................... 14

*United States v. Moore*, 149 F.3d 773 (8th Cir. 1998) ........................................ 13

*United States v. Snow*, 967 F.3d 563 (6th Cir. 2020) .................................... 15, 16

*United States v. Thomas*, 32 F.4th 420 (4th Cir. 2022) ........................... 9-12, 17

*United States v. Tipton*, 90 F.3d 861 (4th Cir. 1996) ........................................... 4

*United States v. Venable*, 943 F.3d 187 (4th Cir. 2019)....................................... 1

*United States v. Wirsing*, 943 F.3d 175 (4th Cir. 2019) ....................................... 8

**Federal Statutes**

21 U.S.C. §841 .............................................................................................. *passim*

21 U.S.C. §848 .............................................................................................. *passim*

Fair Sentencing Act of 2010 …………………………………………....... *passim*

First Step Act of 2018 ................................................................................... *passim*

ii

## STATEMENT OF THE ISSUES MERITING REHEARING OR REHEARING EN BANC

This case presents the question of whether §848(e)(1)(A) is a "covered offense" under the First Step Act. In answer, a panel of this Court announced a novel legal test: an offense is not "covered" if the "statutory penalties associated with the [offense] remain the same both before and after [the passage of] the Fair Sentencing Act." Op. at 16.

The panel's new test fundamentally threatens the uniformity of this Court's decisions. *See* Fed. R. App. Pro. 35(a)(1). This Court's analysis of covered offenses has, until now, focused on whether "the Fair Sentencing Act modified penalties for crack cocaine offenses *by increasing the threshold drug quantities* required to trigger [their] mandatory minimum sentences[.]" *United States v. Gravatt*, 953 F.3d 258, 262 (4th Cir. 2020) (21 U.S.C. §841(b)."); see also *United States v. Venable*, 943 F.3d 187, 188 (4th Cir. 2019) ("The Fair Sentencing Act reduced the penalties for specific cocaine-related offenses punishable under 21 U.S.C. §841(b)(1)(A) and (b)(1)(B) by increasing the amount of [crack cocaine] required to trigger certain statutory penalties.").

1

The panel upends this precedent by focusing instead on whether the Fair Sentencing Act amended *the statutory penalty range* for an offense. *See* Op. at 16 (Appellants' offenses are not covered under the First Step Act because "the statutory penalties associated with their §848(e)(1)(A) convictions remain the same both before and after the Fair Sentencing Act—a 20-year minimum sentence up to life imprisonment or death for drug-related murder."). The panel's holding thus contradicts this Court's entire body of law applying the First Step Act.

This panel's test represents not only a drastic departure from this Court's precedent, but a plainly invalid way to identify covered offenses. For example, §841(b)(1)(A) is a drug-dealing crime undoubtedly covered by the Fair Sentencing Act. No circuit—including this one—disputes that. But it could not be a "covered offense" under the panel's test, as the statutory penalties associated with a violation of §841(b)(1)(A)—10 years to life—remain the same before and after the Fair Sentencing Act.

In fact, *no offense* could satisfy the panel's test, as the Fair Sentencing Act did not alter the statutory penalty range for *any offense*. Rather, it changed the threshold drug quantities necessary to trigger those penalties.

2

In the case of §841(b)(1)(A), the Act increased that threshold quantity from 50 grams of crack to 280; thus, it is covered.

This Court has long recognized *how* the Act actually modifies statutory penalties: the relevant inquiry is whether it altered *the minimum drug quantity* to trigger the statutory penalty, not the term of years enumerated in the statute itself. And, under that framework, Appellant's convictions under §848(e)(1)(A) would qualify: that statutory provision expressly incorporates §841(b)(1)(A), which requires proof of a minimum drug quantity that the Fair Sentencing Act expressly altered. In rejecting the Court's well-established legal framework, the panel has not only threatened the uniformity of this Court's decisions; it has adopted a legal test that produces unsupportable results.

In undersigned counsel's judgment, the panel decision is in conflict with the precedent of this Court and involves a question of exceptional importance, as detailed herein. Accordingly, rehearing or rehearing *en banc* review is merited.

## STATEMENT OF THE CASE

On February 3, 1993, Appellants and their co-defendant, Corey Johnson, were convicted of interrelated, overlapping offenses premised

3

upon the possession with the intent to distribute at least 50 grams of crack cocaine in violation of 21 U.S.C. §841(b)(1)(A). *United States v. Tipton*, 90 F.3d 861, 869-870 (4th Cir. 1996). Relevant here, the Appellants were convicted of: engaging in a continuing criminal enterprise ("CCE") in violation of 21 U.S.C. §848(a), with the CCE defined as violations of "Title 21, United States Code, Section 841…including, but not limited to, those violations alleged in the instant indictment" J.A.[1] 40-41; "possessing with the intent to distribute a Schedule II narcotic controlled substance, that is, *fifty (50) grams or more*" of "cocaine base, commonly known as 'crack' or 'cook-em-up,'" as described in 21 U.S.C. §841(b)(l)(A)(iii); and violations of 21 U.S.C. §848(e) for killings committed "while engaged in and working in furtherance of" that CCE—offenses for which the government sought the death penalty. *See* J.A. 41-42, 44-45, 48-50, 52-53. Mr. Tipton was sentenced to death for three §848(e) offenses, to life sentences for three others, and terms of imprisonment for his non-capital counts. *Tipton*, 90 F.3d at 870.

---

[1]"J.A." refers to the Joint Appendix filed in Mr. Tipton's appeal. See Doc. 16, 20-16.

Mr. Roane was sentenced to death for one §848(e) offense, to life sentences for two others, and a term of years for a final non-capital count. *Id.*

In 2010, Congress enacted the Fair Sentencing Act, which adjusted the penalties for offenses involving cocaine base by increasing the threshold drug quantities required to trigger mandatory minimum sentences under 21 U.S.C. §841(b)(1).[2] Per those amendments, a violation of 21 U.S.C. §841(b)(1)(A) must now involve at least 280 grams of cocaine base—as opposed to the 50 grams required when Appellants were sentenced—in order to trigger the highest penalty ranges of 10 years to life imprisonment.[3]

On December 21, 2018, Congress enacted the First Step Act, which made the provisions of the Fair Sentencing Act retroactive and authorized modified sentences for any defendant convicted of a "covered offense"—an offense with statutory penalties that "were modified by section 2 or 3 of the Fair Sentencing Act of 2010" and was "committed before August 3, 2010,"

---

[2] Fair Sentencing Act of 2010, Pub. L. No. 111-220, § 2, 124 Stat. 2372, 2372 (2010).

[3] 21 U.S.C. §841(b)(1)(A)(iii) (and "at least 5 years" of supervised release, or "at least 10 years" with the § 851 enhancement).

the effective date of the Fair Sentencing Act.  First Step Act of 2018, S. 3747, 115th Cong. § 404(a) (2018).

In 2020, Appellants filed timely motions in the district court pursuant to Section 404 of the First Step Act for sentencing relief from their interrelated §§841(a)(1) and 848(e) offenses. The district court denied Appellants relief, holding that their §848(e) convictions "do not constitute covered offenses under the First Step Act," and declining to exercise its discretion to reduce their sentences for their §841 offenses. J.A. 200.

Appellants appealed. By order of the panel, their appeals were consolidated.  The panel entered an opinion affirming the district court. Appendix A ("Op.").  This timely petition for panel rehearing or rehearing *en banc* follows.

## ARGUMENT

I.   **THE PANEL'S ANALYSIS OF APPELLANTS' §848(E)(1)(A) CONVICTIONS WOULD EXCLUDE INDISPUTABLY "COVERED OFFENSES" FROM THE FIRST STEP ACT.**

In its opinion denying relief, the panel announced and applied a new legal standard for assessing eligibility for First Step Act relief: an offense is not "covered" if the "statutory penalties associated with the [offense] remain the same both before and after [the passage of] the Fair Sentencing

6

Act." Op. at 16. The panel's test departs entirely from this Circuit's precedent and would negate the First Step Act.

The flaw in the panel's test is evident in its exclusion of offenses that are incontrovertibly covered under the First Step Act. For example, this Court has recognized that §841(b)(1)(A) is a covered offense,[4] but its statutory penalties of 10 years to life remain the same both before and after the Fair Sentencing Act. The same is true of §841(b)(1)(B); its statutory penalties remain 5 to 40 years.[5] For these "covered offenses," it is not the statutory penalties that were changed by the Fair Sentencing Act, but *the minimum drug quantity that defined the prohibited conduct*, which increased from 50 grams of crack to 280. After the Fair Sentencing Act, a person convicted for a drug quantity of 50 grams of crack is no longer subject to §841(b)(1)(A)'s statutory penalty range of 10 years to life—*not* because that penalty range changed, but because 50 grams no longer meets its threshold quantity.

---

[4] *See, e.g., Gravatt*, 953 F.3d at 262 (4th Cir. 2020) (recognizing §841(b)(1)(A)(iii) and (B)(iii) as covered offenses).

[5] *See* note 3, *supra*.

The same is true of §848(e)(1)(A). Its statutory penalties have not changed, but, because it incorporates §841(b)(1)(A) as an element of its offense, the Fair Sentencing Act has increased the threshold drug weight necessary to be *subject to those penalties* to 280 grams. The predicate drug weight charged here—50 grams—would no longer suffice for Appellants' punishment pursuant to §848(e)(1)(A). Accordingly, per this Court's categorical approach,[6] §848(e)(1)(A) is a "covered offense."

The panel's test would abandon this approach and look solely at the penalty range enumerated in a statutory provision. Doing so would foreclose sentencing relief for defendants convicted of even indisputably covered offenses, such as §§841(b)(1)(A) and (B), and effectively nullify the First Step Act.

This Court has long recognized that the Fair Sentencing Act's alteration of the drug quantity necessary to trigger a statutory penalty is what constitutes the relevant "modification of the statutory penalty" for

---

[6] *United States v. Wirsing*, 943 F.3d 175 (4th Cir. 2019) (reviewing whether statute of conviction involves predicate crack cocaine offense affected by Fair Sentencing Act, rather than actual drug amounts, to make "covered offense" determination). Here, the relevant statute of conviction--§848(e)(1)(A)--expressly incorporates §841(b)(1)(A). Thus, under a categorical approach, it is a covered offense.

8

purposes of the "covered offense" analysis. That principle was most recently affirmed in *United States v. Thomas*, 32 F.4th 420 (4th Cir. 2022). There, this Court answered whether convictions under §§848 (a) and (c) were "covered offenses" under the First Step Act by applying the rubric promulgated by the Supreme Court of the United States in *Terry v. United States*, 141 S. Ct. 1858 (2021). In keeping with *Terry's* holding that the inquiry turns on whether the Fair Sentencing Act modified "the statutory penalties for *petitioner's offense*, not the statute or statutory scheme,"[7] *Thomas* parsed each of the subparts of §848 to determine which qualified as "covered offenses." *Thomas*, 32 F.4th at 427-29. This Court determined that since neither §§848 (a) or (c) required proof of a threshold drug quantity, they were not offenses whose penalties were altered by the Fair Sentencing Act. But in the course of its analysis, this Court also examined §848 (b)(2)(A), which mandates life imprisonment if the conviction involved at least 300 times the quantity of a substance described in §841(b)(1)(B). *See* 21 U.S.C. §848(b)(2)(A). Section 2 of the Fair Sentencing Act explicitly altered the statutory penalties for §841(b)(1)(B) by increasing its threshold amount

---

[7]*Terry*, 141 S. Ct. at 1863 (emphasis added).

9

of crack for a mandatory minimum sentence from 5 grams to 28. Although the defendant in *Thomas* was not convicted and sentenced pursuant to §848(b)(2)(A), this Court deemed "correct" that, if he had been, the 1.5 kilograms of cocaine for which he was convicted would no longer be sufficient for him to receive its mandatory life sentence enhancement. *Thomas* therefore concluded that "since the [Fair Sentencing] Act altered the drug quantities required to trigger the penalties for §§841(b)(1)(A) or 841(b)(1)(B), it also modified the drug quantities required to a sustain a conviction under §848(b)." *Thomas*, 32 F.4th at 428-29.

The same reasoning applies to §848(e)(1)(A), as the penalties for one of its predicates—§841(b)(1)(A)—was also modified by the Fair Sentencing Act. *Thomas*, 32 F.4th at 427-29 (emphasis added). Accordingly, *Thomas* not only takes as a given that the Fair Sentencing Act "modified the statutory penalties applicable to §§848(b) and (e)," but also expressly notes that the petitioner in *Thomas* could not obtain relief *because* he "was not subject to the mandatory life term of §848(b) *or the death penalty as provided for in §848(e),*" but, rather, "of an offense whose penalties were [not] altered by the Act." *Thomas*, 32 F.4th at 429.

10

The panel attempts to obviate its conflict with this Court's framework by claiming that "[w]hether §848(e)(1)(A) is a covered offense was not even before the court" in *Thomas*. Op. at 17. The panel writes that it "cannot take two clauses in a long opinion as our license to ignore the statutory text, overrule congressional intent, and buck the Supreme Court's guidance in *Terry*." *Id*. But even if one were to elide *Thomas*'s discussion of §848(e), its analytical framework cannot be so easily set aside. Far from bucking *Terry*, *Thomas* follows its guidance meticulously, analyzing each subsection of §848 individually. Nor does the Court's long-established framework overrule congressional intent; as it is the only approach that allows for *any offense* to be covered by the First Step Act, it *fulfills* it. And an application of that framework to §848(e)(1)(A) can yield only one result: that it is a covered offense.

## II.    SECTION 848(E)(1)(A) IS NOT DIVISIBLE.

The panel opinion suggests an escape from that conclusion by writing that "[a]ll evidence in this case suggests that the predicate for [Appellants'] murder convictions was their engagement and work in furtherance of a CCE, and not for their drug distribution convictions under §841(b)(1)(A)." *Id*.  Section 848(e)(1)(A), the panel suggests, is

11

comprised of two separate offenses: (1) drug conspiracy murder, which requires proof of a minimum drug weight to trigger the statutory penalty, and (2) CCE murder, which does not. The panel then applied a modified categorical approach to conclude that—based on the jury instructions—Appellants were convicted of the latter. And since *Thomas* had held that a CCE conviction under §848(c) is not a "covered offense," the panel concluded that Appellants' convictions under §848(e)(1)(A) are not covered, either. Op. at 17-18.

But the panel's analysis skips an essential step. As Appellants noted in their briefing,[8] the Supreme Court has held that the modified categorical approach has "no role to play" unless a statute is *divisible*. *Descamps v. United States*, 570 U.S. 254, 264 (2013). The Supreme Court further held that a court cannot deem a statute divisible without first conducting a multi-factor analysis. *Mathis v. United States*, 579 U.S. 500 (2016) (defining factors for divisibility inquiry). But the panel did not conduct that analysis here. Had it done so, it would have concluded that §848(e)(1)(A) is, in fact, indivisible.

---

[8] Tipton Reply, Doc. 46 at 12-16, No. 20-16.

12

As numerous courts[9] and the Government itself[10] have concluded, the *Mathis* analysis demonstrates that §848(e)(1)(A) is not two different crimes with different elements, but *a single offense* that can be committed by *alternative means*. As Appellants noted,[11] treating §848(e)(1)(A) as two separate crimes would give rise to multiplicity challenges—a defendant could be charged, convicted, and sentenced twice for the same conduct, once as a drug conspiracy murder, and once again as a CCE murder. Under *Mathis*, that weighs heavily in favor of finding that it is not divisible. *See Najera-Rodriguez v. Barr*, 926 F.3d 343, 349 (7th Cir. 2019). *Mathis* also directs courts to consider whether a statute provides different punishments for the

_____

[9] *See, e.g.*, *Short v. Martinez*, No. CV 19-01985-DSF (JDE), 2019 WL 2552782, at *4-5 (C.D. Cal. May 21, 2019) (holding that the CCE prong and drug conspiracy prong constitute "alternative means" of committing the §848(e)(1)(A) offense and collecting cases). *See* also *United States v. Moore*, 149 F.3d 773, 779 (8th Cir. 1998) (separate charges for single murder under both CCE and drug conspiracy prongs of §848(e)(1)(A) harmless only because district court submitted counts together on single verdict form and gave appropriate instruction to avoid multiplicity problem); *United States v. Johnson*, 495 F.3d 951, 980 (8th Cir. 2007) (remanding when Government did not contest that federal capital defendant's §848(e)(1)(A) convictions for CCE murders and drug conspiracy murders were multiplicitous).

[10] *See* Tipton Reply, Doc. 46 at 13 n.5, 20-16.

[11] Tipton Reply at 12-16.

different ways it lists to violate its proscription. *See United States v. Degeare*,

884 F.3d 1242, 1253 (10th Cir. 2018) (citing *Mathis*, 135 S. Ct. at 2556). But

§848(e)(1)(A) provides for the same penalties regardless of whether it is

violated by way of the CCE prong or the drug conspiracy prong. Also

relevant is whether the statute bundles the alternative terms within a single

sentence. *See United States v. McKibbon*, 878 F.3d 967, 975 (10th Cir. 2017).

Section 848(e)(1)(a) is a "one sentence proscription" that joins a number of

acts as a disjunctive series. *Id.* The panel's failure to engage with these

factors, which argue against its conclusion, renders its analysis

unsustainable.[12] As §848(e)(1)(A) is not divisible, Appellants' convictions

are covered offenses.

---

[12] Even if §848(e)(1)(A) were divisible, the panel's application of the modified categorical approach ignores that this Court *has already determined* on direct appeal that Appellants' §848(e)(1)(a) convictions were predicated on violations of §841(b)(1)(A). *See*, e.g., Doc. 14 at 40-42. Accordingly, Appellants' §848(e)(1)(A) convictions necessarily rest upon violations of §841(b)(1)(A) – either the conspiracy to violate §841(b)(1)(A) detailed in Count One, or the series of §841(b)(1)(A) violations detailed in Count Two. Under the law of the case doctrine, Appellants' §848(e) convictions were predicated on violations of §841(b)(1)(A).

### III. THE PANEL NOTED ITS CONCERN WITH CREATING A CIRCUIT SPLIT BUT CREATED AN INTRA-CIRCUIT SPLIT INSTEAD.

In seeking to avoid a circuit split, the panel instead created an intra-circuit split by prescribing a different analysis for the covered offense determination than this Court has previously employed. But "a panel of this court is 'bound by prior precedent from other panels in this circuit absent contrary law from an *en banc* or Supreme Court decision.'" *Taylor v. Grubbs*, 930 F.3d 611, 619 (4th Cir. 2019) (quoting *United States v. Ruhe*, 191 F.3d 376, 388 (4th Cir. 1999)); *see also Planned Parenthood S. Atl. v. Kerr*, 27 F.4th 945, 953–54 (4th Cir. 2022) ("If we were free to overturn our own prior position whenever another circuit took a different view, it would utterly destabilize the law of our circuit, placing it at the sufferance of any circuit court anywhere that took a contrary step — something that often happens between the courts of appeals.").

The panel wrote that holding in favor of Appellants would create a circuit split with the Second and Sixth Circuits, citing the opinions in *United States v. Fletcher*, 997 F.3d 95 (2d Cir. 2021), and *United States v. Snow*, 967 F.3d 563 (6th Cir. 2020). Op. at 18. But *Fletcher* and *Snow* employ a flawed analysis that this Court has already implicitly rejected.

15

*Fletcher* and *Snow* conclude that §848(e) cannot be a "covered offense" because application of the First Step Act to that section would result not in re-sentencing but in vacatur of the §848(e) conviction, as the necessary predicate—§841(b)(1)(A)—could no longer be found. *Fletcher*, 997 F.3d at 97, n.2 (citing *Snow*). This logic both misconstrues the operation of the First Step Act and contravenes its purpose.

The following example illustrates the absurdities that would result. Imagine a defendant seeking sentencing relief under the First Step Act for a §841(b)(1)(A) violation in which he had been charged with possessing 50 grams or less of crack. This is indisputably a "covered offense." But *Fletcher* and *Snow* would preclude relief under the First Step Act because any quantity of crack less than 280 grams could no longer sustain a conviction under §841(b)(1)(A). Thus, per *Fletcher* and *Snow*, the effect of the Fair Sentencing Act would be to "eliminate criminal liability altogether" for the charged crime, *Fletcher*, 997 F.3d at 97, n.2, and the defendant's motion must be construed and dismissed as an improper collateral attack on the underlying conviction.

*Fletcher* tries to sidestep these implications by noting—correctly—that when a court grants First Step Act relief, it is not *vacating* the §841(b)(1)(A)

16

conviction "and enter[ing] an amended judgment for a violation of §841(b)(1)(B) instead" because the First Step Act "does not call into question the nature or validity of *any convictions*." *Id*. at 98 & n.3. Rather, the Act simply authorizes the court to apply the Fair Sentencing Act's reduced penalty range to the relevant conduct—in that case, possession of 50 grams or less of crack—and modify the sentence accordingly.

The same is true here. If granted, Appellants' First Step Act motions would not vacate their §848(e) convictions. They would simply be subjected to the penalty range now applicable in light of the underlying drug conduct, which involved 50 grams or less of crack.

As noted above, *Thomas* followed this Court's long-standing approach of determining if a conviction was a "covered offense" based on whether it required proof of a threshold drug quantity altered by the Fair Sentencing Act. In doing so, it acknowledged that applying this framework to the various subparts of §848 would result in a potential circuit split, noting that some "[s]ister circuits have held that §848(e) is not a covered offense." *Thomas*, 32 F.4th at 429 n.8. Nevertheless, *Thomas* did not abandon this Court's framework. But this panel did, thus ignoring the prior precedent of its own circuit and threatening the uniformity of this Court's

17

decisions. This Court should grant *en banc* rehearing to correct the panel decision's inconsistency with this Court's prior holdings.

## IV.   THIS CASE PRESENTS A QUESTION OF EXCEPTIONAL IMPORTANCE.

The panel's opinion undermines Congress's intent in enacting the First Step Act, which was created to rectify racial disparities in sentencing predicated on drug quantities. *See Dorsey v. United States*, 567 U.S. 260, 268-69 (2012); *Terry v. United States*, 141 S. Ct. at 1858, 1861-62 (2021). There is simply no basis to conclude, as the panel does here, that Congress intended to exclude this remedy for offenders whose eligibility for the most severe of penalties – death – was based on these same disparities.

Section 848(e)(1)(A*) is* a drug offense, as evidenced by its placement in Title 21, which regulates controlled substances, rather than Title 18, the main criminal code. Indeed, trafficking in a threshold amount of drugs is what establishes *federal* jurisdiction for a drug-related murder. However, the panel states that because §848(e) is not specifically enumerated in the text of the Fair Sentencing Act it is not a covered offense. Op. at 12.  But that is not the relevant inquiry; it is whether the Act altered the sentence a defendant would face based on the drug weight at issue. That test is met here.

18

The panel also concluded that excluding §848(e) from First Step Act eligibility is appropriate because that offense targets the "top brass" in large-scale drug distribution rings, and that Congress did not intend these offenders to be eligible for relief. Op. at 14. But the panel's reasoning shares the flaw found in the new test that it created for covered offenses: when the Fair Sentencing Act amended the requisite drug weights of 21 U.S.C. §841, it *also changed* what constitutes a "large-scale drug distribution ring" for purposes of §848(e). Dealing in 50 grams of crack is now no longer sufficient to elevate a defendant into the "top brass"; rather, he is simply a "lieutenant." Op. at 14. Thus, factoring the requisite drug weight into account in determining whether §848(e) is a covered offense—and thus distinguishing between genuine drug kingpins and anyone else involved in drug trade—is entirely consistent with Congress's intent in enacting the Fair Sentencing Act.

In sum, it is untenable to conclude that Congress intended to rectify racism based on drug weight disparity only for non-capital offenses but not for capital offenses under which defendants are subject to the most severe possible penalty.

19

## CONCLUSION

For all the reasons set forth above, Appellants respectfully petition

this Court for panel rehearing or rehearing en banc.

Respectfully submitted on this, the 1st day of November, 2022.

/s/ Gerald W. King, Jr.
Gerald W. King, Jr.
Ga. Bar No. 140981
Chief, Capital Habeas Unit
for the Fourth Circuit
129 West Trade Street, Suite 300
Charlotte, NC 28202
Tel: (704) 374-0720
Direct: (704) 688-6946
E-mail: gerald_king@fd.org


John G. Baker
Federal Public Defender for the
Western District of North Carolina


Jeffrey Lyn Ertel
Ga. Bar No. 249966
Federal Defender Program, Inc.
101 Marietta Street, Suite 1500
Atlanta, Georgia 30303
404-688-7530
(fax) 404-688-0768
Jeff_Ertel@fd.org

/s/ Joanne Heisey
Joanne Heisey
Jules Welsh
Federal Community Defender Office
for the Eastern District of
 Pennsylvania
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
(215) 928-0520
Joanne_Heisey@fd.org
Jules_Welsh@fd.org
(215) 928-0520


Counsel for James H. Roane, Jr.

Stephen Northup
VSB #16547
Troutman Pepper LLP
P.O. Box 1122
Richmond, Virginia 23218-1122
(804) 697-1240
(fax) (804) 698-5120
steve.northup@troutmanpepper.com

Frederick R. Gerson
VSB #39968
Durrette, Arkema, Gerson & Gill PC
Bank Of America Center
1111 East Main Street, 16th Floor
Richmond, VA 23219
fgerson@dagglaw.com

Counsel for Richard Tipton, III.

21

## CERTIFICATE OF COMPLIANCE

1.     This petition contains 3,870 words, excluding the parts of the brief exempted from the word count by Rule 32(f).

2.     This petition has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14 pt Book Antiqua.

/s/ Joanne Heisey
Joanne Heisey
Counsel for James H. Roane, Jr.

## CERTIFICATE OF SERVICE

I, Joanne Heisey, hereby certify that a true and correct copy of the foregoing *Petition for Panel Rehearing or Rehearing En Banc* was duly served on Assistant United States Attorney Richard D. Cooke by CM/ECF.

This 1st day of November, 2022.

/s/ Joanne Heisey
Joanne Heisey
Counsel for James H. Roane, Jr.